

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

September 4, 2025

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Michael Castillero, et al.*, 23 Cr. 622 (JMF)
            *S.E.C. v. StraightPath Venture Partners, LLC, et al.*, 22 Civ. 3897 (LAK)

Dear Judges Furman and Kaplan:

      We write to inform both Courts that defendants Michael Castillero, Brian Martinsen, and Francine Lanaia have failed to comply with Judge Kaplan's July 8, 2025 order that the defendants produce to the Receiver the corporate documents that the defendants had previously withheld from the Receiver based on purported privilege claims, and in so doing have frustrated the Receiver's ability to comply with a trial subpoena issued in connection with the October 20, 2025 criminal trial before Judge Furman. Because the defendants' actions have implications for each of the above-captioned proceedings, we are simultaneously seeking relief from both Courts to ensure that the Government has the opportunity to obtain and use relevant evidence before the criminal trial commences. Accordingly, we respectfully request that (1) Judge Kaplan issue an order compelling the defendants to comply with the July 8, 2025 order and provide all previously logged StraightPath documents to the Receiver by Friday, September 5, 2025, and all other StraightPath documents to the receiver by Monday, September 8, 2025; (2) Judge Furman modify the defendants' bail conditions to require compliance with all orders entered in the 22 Civ. 3897 matter; and (3) Judge Furman so-order the attached Rule 17 subpoenas directed at the individual defendants and requiring the production by September 10, 2025 of the previously logged StraightPath records in the possession of the defendants.[1]

---

[1] The Government consents to a procedure wherein the potentially privileged portion of the responsive production is made to the Court *in camera* with a full log simultaneously produced to the Government.

On July 8, 2025, Judge Kaplan modified the Receivership Order to remove a prior carveout that allowed the individual defendants to withhold corporate documents from the Receiver if those documents were subject to a privilege assertion. Judge Kaplan's order provided that while, "[i]n producing documents in their possession to the Receiver, the Individual Criminal Defendants may notify the Receiver about any personal (as opposed to corporate) privilege claims applicable to those documents," there "is no justification for additional procedures to apply." Dkt. 523 at 5. We understand from counsel for the Receiver that after receiving the order, the Receiver spoke to defense counsel for the individual defendants and asked that the documents be turned over to the Receiver by July 31. By the end of July, no documents had been produced. By the middle of August, a small number of documents had been produced to the Receiver, but thousands of documents remained outstanding. Counsel for the defendants then promised the Receiver that the production would be complete by the end of August. There has been no satisfactory explanation for why the process has taken so long, given that all the documents had previously been identified as StraightPath corporate documents, and any assertions of privilege no longer provided a basis to withhold the documents from the Receiver.

On August 26, 2025, in a conference in the criminal case, Judge Furman asked defense counsel for a status report about the documents that had been withheld from the Receiver. Counsel for defendant Brian Martinsen told the Court, on behalf of all defendants, that "[b]y this Friday the receiver should have all that is in their [the individual defendants'] possession. . . . So that's the status report, the receivership will have everything by Friday [i.e., August 29]." Aug. 26, 2025 Tr. at 6. As of Friday, the document production was not, in fact, complete, and we understand that as of today over 1,000 documents are still being withheld from the Receiver.

Of particular concern, the Receiver informs us that production has included none of the documents included on the privilege logs that the defendants previously produced in the criminal action. These privilege logs, which are attached as Exhibits A and B to this letter, asserted StraightPath's privilege over the communications, and there is therefore no question that the documents are StraightPath's corporate documents that ought to be returned to the Receiver. The descriptions on the privilege logs also make clear that the documents are responsive to the Government's trial subpoena and are specific, admissible items amenable to discovery by trial subpoena directly. Moreover, these documents are readily identifiable and could easily be produced to the Receiver immediately, given that they had already been segregated, logged, and assigned bates numbers by the individual defendants. The two-month delay in producing these documents to the Receiver is clearly designed to delay litigation over the privilege assertions in these documents in advance of trial.

Accordingly, to avoid further delay and to prevent the defendants from depriving the Government of a fair opportunity to use the withheld records at trial, we respectfully request that (1) Judge Kaplan issue an order compelling the defendants to comply with the July 8, 2025 order and provide all previously logged StraightPath documents to the Receiver by Friday, September 5, 2025, and all other StraightPath documents to the receiver by Monday, September 8, 2025; (2) Judge Furman modify the defendants' bail conditions to require compliance with all orders entered in the 22 Civ. 3897 matter; and (3) Judge Furman so-order the attached Rule 17 subpoenas directed at the individual defendants and requiring the production by September 10, 2025 of the previously logged StraightPath records in the possession of the defendants.

Respectfully submitted,

JAY CLAYTON
United States Attorney

_____
Allison Nichols
Adam S. Hobson
Matthew R. Shahabian
Assistant United States Attorney
(212) 637-2366

The Court hopes and assumes that Judge Kaplan's Order at ECF No. 546 in 22-CV-3897 will resolve this issue. Accordingly, the Government's request for relief in this case is DENIED. That denial is without prejudice to a renewed request in the event that any Defendant fails to comply with Judge Kaplan's Order on or before September 8, 2025.

The Clerk of Court is directed to terminate Docket Nos. 114 and 115.

SO ORDERED.

September 5, 2025