```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
              -v-                                                 :     23-CR-622 (JMF)
                                                                  :
MICHAEL CASTILLERO et al.,                                        :     OPINION AND ORDER
                                                                  :
                           Defendants.                            :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Michael Castillero, Francine Lanaia, and Brian Martinsen are charged with securities fraud, wire fraud, investment advisor fraud, and conspiracy to do the same in connection with an alleged scheme to defraud investors in a group of nine related private funds. *See* ECF No. 1 ("Indictment"), ¶¶ 10-21. In addition, Castillero and Martinsen are charged with obstruction of justice and conspiracy to do the same. *See id.* ¶¶ 22-27. In advance of trial, which is scheduled to begin on October 20, 2025, the parties have filed a slew of motions *in limine*, *see* ECF Nos. 121, 125, 128, 131, as well as motions to limit the testimony of expert witnesses, *see* ECF Nos. 125, 134, 135.

By Order earlier today, the Court directed the Government to file a reply with respect to its motion to preclude Defendants' proposed expert no later than October 3, 2025. *See* ECF No. 149. The Court rules on the parties' other pending motions as follows:

**Government Motions *in Limine***

- **Motion *in Limine* #1 (to admit the 2019 SEC examination letters):** The motion is GRANTED, substantially for the reasons set forth in the Government's memorandum of law. *See* ECF No. 121 ("Gov't Mem."), at 9-13. That said, the Court is inclined to agree with Defendants that portions of the SEC examination letters may be irrelevant and should perhaps be redacted. The parties should promptly confer on that issue and, no later than, **October 9, 2025**, file a letter advising the Court if they have

agreed upon redactions or, absent such agreement, competing letters with respect to whether and to what extent the letters should be redacted. By the **same date**, the parties should confer and file agreed-upon proposed limiting instructions (or competing instructions) to be given to the jury on this issue.

- **Motion *in Limine* #2 (to preclude evidence and argument that Regulation D provides a defense to the charges):** The motion is GRANTED as unopposed. *See* ECF No. 142 ("Defs.' Opp'n"), at 4. No later than **October 6, 2025**, the Government shall file a reply addressing Defendants' contention that evidence and argument concerning *non-compliance* with Regulation D should also be precluded, *see id*.

- **Motion *in Limine* #3 (to preclude evidence and argument that regulators or the lack of regulation are to blame):** The motion is GRANTED as unopposed. *See* Defs.' Opp'n 4-5. To be clear, however, that does not preclude Defendants from (as and when appropriate) advancing different views of the law. *See id.* at 5.

- **Motion *in Limine* #4 (to preclude evidence and argument that FINRA lacks authority to investigate or request on-the-record testimony):** Defendants' opposition does not address the relief that the Government actually seeks, namely to preclude evidence or argument that "FINRA lacks authority to inspect member firms, associated persons and broker-dealers, to initiate or pursue investigations and complaints, to request that a person testify under oath, or to sanction persons within its jurisdiction who fail to comply with its rules or submit to its investigations." Gov't Mem. 18-19; *see* Defs.' Opp'n 5-6. Accordingly, the Government's motion is GRANTED as unopposed. That said, insofar as the Indictment alleges that Martinsen's testimony to FINRA is part of Defendants' fraud scheme, *see* Indictment ¶ 9(b), Defendants are entitled "to explore" (subject to Rule 403) "FINRA's role in the regulatory ecosystem, the limitations on its jurisdiction, and the fact that it is not a government agency." Defs.' Opp'n 6.

- **Motion *in Limine* #5 (to preclude evidence and argument that other actors in the pre-IPO space engaged in similar conduct):** To the extent that the Government moves to preclude Defendants from offering evidence or argument regarding the conduct of other firms or individuals in aid of contending either that the Government is engaging in selective prosecution or that Defendants should not be convicted because others engage in similar conduct, the motion is GRANTED as unopposed. *See* Defs.' Opp'n 6-7. That does not preclude the parties from presenting (subject to Rule 403) evidence and argument concerning industry custom and practice in connection with whether Defendants' alleged markups were excessive. *See* ECF No. 147 ("Gov't *Daubert* Opp'n"), at 10-12 (arguing that evidence of industry custom and practice is "probative of the fact that the markups being charged by StraightPath were in fact excessive, and that the defendants knew the markups they were charging were excessive"). The parties should confer and, no later than **October 9, 2025**, file agreed-upon proposed limiting instructions (or competing instructions) to be given to the jury on this issue.

2

- **Motion *in Limine* #6 (to preclude evidence and argument that defendants intended to repay investors):** The Court will address the motion at the final pretrial conference, at which the parties should be prepared to address (1) Defendants' argument that "evidence as to the structure of StraightPath's operations and the timing of the welcome letters, the language of the offering documents, and its practice of returning client funds in those cases where it was unable to fill orders" is admissible "to show that *there was no fraud to begin with*," Defs.' Opp'n 9; and (2) Defendants' arguments concerning evidence of the "structural shortfall," *id.* at 10.

- **Motion *in Limine* #7 (to preclude evidence and argument that victims of the fraudulent schemes were negligent or failed to conduct due diligence):** To the extent that the Government moves to preclude evidence or argument "that StraightPath's investor victims were negligent, gullible, insufficiently vigilant, or otherwise at fault for not detecting or preventing StraightPath's fraud," Gov't Mem. 23, the motion is GRANTED as unopposed, *see* Defs.' Opp'n 10-11. That said, at the final pretrial conference, the parties should be prepared to address whether and to what extent Defendants should be permitted to "confront" any investor witnesses "with the mix of information which StraightPath made available to all investors." Defs.' Opp'n 12.

- **Motion *in Limine* #8 (to preclude evidence and argument about the presence of attorneys in the absence of an advice-of-counsel defense):** The motion is GRANTED in part and DENIED in part. Insofar as Defendants have foresworn an advice-of-counsel defense, they may not offer evidence or argument to the effect that they relied on the advice of any attorney. That said, Defendants are correct in noting that there is no way to try this case without some evidence regarding the presence of attorneys at relevant times. The Court can and will, through rulings on objections, police the appropriate line at trial. Furthermore, the Court will, as appropriate, provide curative instructions to the jury. The parties should confer and, no later than **October 9, 2025**, file agreed-upon proposed limiting instructions (or competing instructions) to be given to the jury on this issue.

- **Motion *in Limine* #9 (to preclude evidence and argument about the defendants' "good acts" and personal circumstances):** The motion is largely GRANTED as unopposed. *See* Defs.' Opp'n 14-15. That does not, however, preclude any testifying Defendant from providing "basic biographical information" as background. *See id.* at 14. Additionally, the Court defers decision on Defendants' argument that they should be permitted "to call investors in the pre-IPO offerings that are the subject of this indictment, in order to demonstrate that investors who partook in the charged transactions do not believe that they were materially misled by StraightPath's offering documents." *Id.* at 15. The parties should be prepared to address that issue at the final pretrial conference.

- **Motion *in Limine* #10 (to preclude cross-examination on certain topics):** The motion is GRANTED as unopposed with respect to CW-2 and CW-1's solicitation of prostitutes. *See* Defs.' Opp'n 16-17. The Court defers decision on the motion with

respect to CW-1's drug sales, drug use, and DWI arrests. The parties should be prepared to address that issue at the final pretrial conference.

- **Motion *in Limine* #11 (to limit the cross-examination of records custodians):** The motion is GRANTED as unopposed, albeit without prejudice to any Defendant seeking leave of Court to go beyond the scope of cross-examination pursuant to Rule 611(b) of the Federal Rules of Evidence. *See* Defs.' Opp'n 17.

**<u>Defendants' Motions *in Limine*</u>**

- **Defendants' Motion *in Limine* to preclude evidence and argument concerning their FINRA disciplinary histories:** The motion is DENIED substantially for the reasons stated by the Government in its memorandum of law. *See* ECF No. 144 ("Gov't Opp'n"), at 7-11.

- **Defendants' Motion *in Limine* to preclude evidence and argument concerning how they spent the alleged crime proceeds:** The motion is DENIED substantially for the reasons stated by the Government in its memorandum of law. *See* Gov't Opp'n 11-14.

- **Martinsen's and Castillero's Motion *in Limine* to preclude evidence and argument concerning their failure to pay taxes on the alleged crime proceeds:** The motion is DENIED substantially for the reasons stated by the Government in its memorandum of law. *See* Gov't Opp'n 14-17. The parties should confer and, no later than **October 9, 2025**, file agreed-upon proposed limiting instructions (or competing instructions) to be given to the jury on this issue.

- **Castillero's Motion *in Limine* to preclude agent and co-conspirator statements under Fed. R. Evid. 801(d):** The motion is DENIED substantially for the reasons stated by the Government in its memorandum of law. *See* Gov't Opp'n 17-22. To the extent that Defendants believe any statement conditionally admitted at trial should not have been so admitted, they should seek relief at that time. *See United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969).

- **Martinsen's Motion *in Limine* to strike surplusage:** The Court does not intend to provide the jury with a copy of the Indictment. Accordingly, the motion is DENIED as moot.

- **Castillero's Motion *in Limine* to preclude evidence and argument concerning settlements or lawsuits:** The motion is DENIED as moot in light of the Government's representation that it will "remov[e] references to the fact of a legal settlement in presenting" its commingling analysis at trial. Gov't Opp'n 25-26.

- **Lanaia's Motion *in Limine* to limit victim testimony:** The motion is DENIED as moot in light of the Government's representation that it will not elicit testimony from any investors "that they were owed a 'duty,' fiduciary or otherwise, by StraightPath

or the StraightPath sales agents they spoke to." Gov't Opp'n 26. That does not preclude the Government from eliciting "investors' testimony about their relationship and interactions with StraightPath and the defendants." *Id.*

- **Lanaia's Motion *in Limine* to preclude Martinsen's prior testimony from being offered against her:** The motion is DENIED as moot insofar as the Government does not intend to offer the testimony for its truth. *See* Gov't Opp'n 27-28. The parties should confer and, no later than **October 9, 2025**, file agreed-upon proposed limiting instructions (or competing instructions) to be given to the jury on this issue.

- **Lanaia's Motion *in Limine* for additional peremptory challenges:** Upon review of the parties' submissions, the Court will grant Defendants two extra peremptory strikes and the Government one extra peremptory strike with respect to the regular jury, *see* Fed. R. Crim. P. 24(b), so that Defendants will, together, have twelve strikes and the Government will have seven strikes and the regular jury will be selected from the first 31 jurors qualified. Each side will then have one peremptory strike with respect to the alternate jurors, who will be selected from qualified jurors numbered 32 to 35. *See* Fed. R. Crim. P. 24(c)(4). The parties will exercise their peremptory strikes simultaneously in accordance with the Court's standard procedures, which are described in the Court's Individual Rules and Practices for Hearings and Trials, available on the Court's [website](website).

**Defendants' Motions to Preclude the Testimony of Professor Venkataraman**

- **Motion to preclude testimony that StraightPath's markups were "significantly higher" than markups commonly charged in the market for accessing pre-IPO shares (ECF No. 127 ("Martinsen *Daubert* Mem."), at 11-14; ECF No. 136 ("Lanaia *Daubert* Mem."), at 2; ECF No. 148 ("Martinsen *Daubert* Reply"), at 1-3):** The Court defers decision. The parties should be prepared to address the issue at the final pretrial conference.

- **Motion to preclude testimony regarding the term "transparency" with respect to capital markets, the implications of informational asymmetries to market participants, and the implications of excessive markups for individual investors and marketplaces overall (Lanaia *Daubert* Mem. 1-2):** The Court defers decision to the extent that the motion seeks to preclude testimony regarding the implications of excessive markups for the marketplace overall. *See id.* at 2. The parties should be prepared to address that issue at the final pretrial conference. The motion is otherwise DENIED, substantially for the reasons set forth in the Government's memorandum of law. *See* Gov't *Daubert* Opp'n 12-14.

- **Motion to preclude testimony that Defendants were "not entitled" to certain money (Lanaia *Daubert* Mem. 3):** The motion is GRANTED in part and DENIED in part. Specifically, Professor Venkatraman may not testify that there were funds to which Defendants "were not entitled," as such testimony would intrude on the province of the jury to decide whether Defendants engaged in fraud. That said,

5

Professor Venkatraman may seek to show, in a more neutral fashion, that money paid from StraightPath to Defendants was "traceable to investor funds" and that such money exceeded the fees that were disclosed to prospective investors. *See* Gov't *Daubert* Opp'n 14-15.

**<u>Defendants' Motions to Preclude the Testimony of Professor Laby</u>**

- **Motion to preclude testimony regarding industry standards and guidelines about the reasonableness of markups (Martinsen *Daubert* Mem. 10-11, 13-14):** The motion is GRANTED in part on consent, DENIED in part, and DEFERRED in part. Specifically, Professor Laby is precluded from using the term "fraudulent" in describing industry standards and guidelines regarding the reasonableness of markups. *See* Gov't *Daubert* Opp'n 16, 19. The motion is DENIED with respect to FINRA's guidance, substantially for the reasons set forth in the Government's memorandum of law. *See id.* at 17-20. That said, the Court defers decision on whether or to what extent Professor Laby should be permitted to testify as to the SEC's guidance. The parties should be prepared to address that issue at the final pretrial conference. Finally, the parties should confer and, no later than **October 9, 2025**, file agreed-upon proposed limiting instructions (or competing instructions) to be given to the jury on these issues.

- **Motion to preclude testimony regarding fiduciary duties that investment advisors owe their clients (Martinsen *Daubert* Mem. 8-9):** The motion is GRANTED. "It is well established that it is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." *United States v. Avenatti*, No. 19-CR-374 (JMF), 2022 WL 103298, at *2 (S.D.N.Y. Jan. 11, 2022) (cleaned up). Thus, "the proper course is for the Court to give appropriate instructions to the jury, not for an expert to testify." *Id.* "Notably, the Government does not really appear to contest the point, taking the position that it should be permitted to offer the proposed expert testimony only if the Court declines to instruct the jury" on the topics at issue. *Id.*; *see* Gov't *Daubert* Opp'n 21. The Court will indeed the instruct the jury on the topics at issue — and may even do so in preliminary instructions at the outset of the case. No later than **October 9, 2025**, each side shall file a letter addressing whether the Court should give preliminary instructions on these topics and proposing such instructions. The parties should then be prepared to address the issue at the final pretrial conference.

- **Motion to preclude testimony regarding industry practices concerning disclosures (Lanaia *Daubert* Mem. 3-6):** The motion is DENIED as moot (and without prejudice to objections at trial) to the extent that it seeks to preclude Professor Laby from reading or interpreting documents at trial. *See* Gov't *Daubert* Opp'n 22. The Court defers decision on the motion to the extent that it seeks to preclude Professor Laby from testifying about whether and when the use of "may" is misleading. On that issue, Defendants shall file a reply no later than **October 6, 2025**, in which they should address whether they would agree to either or both of the

6

conditions proposed by the Government on page 23 of its memorandum of law. The parties should then be prepared to address the issue at the final pretrial conference.

\*    \*    \*    \*

In sum, the Court defers decision on the following motions:

(1) the Government's Motion *in Limine* #6 (to preclude evidence and argument that defendants intended to repay investors);

(2) the Government's Motion *in Limine* #7 (to preclude evidence and argument that victims of the fraudulent schemes were negligent or failed to conduct due diligence), to the extent that Defendants contend they should be permitted to "confront" any investor witnesses "with the mix of information which StraightPath made available to all investors";

(3) the Government's Motion *in Limine* #9 (to preclude evidence and argument about the defendants' "good acts" and personal circumstances), to the extent Defendants argue that they should be permitted "to call investors in the pre-IPO offerings that are the subject of this indictment, in order to demonstrate that investors who partook in the charged transactions do not believe that they were materially misled by StraightPath's offering documents";

(4) the Government's Motion *in Limine* #10 (to preclude cross-examination on certain topics) with respect to CW-1's drug sales, drug use, and DWI arrests; and

(5) Defendants' motions to preclude certain portions of the testimony of Professors Venkataraman and Laby, as set forth above.

The parties should be prepared to address these issues — as well as (5) whether and to what extent the SEC examination letters should be redacted, as to which the parties should file a letter or competing letters no later than **October 9, 2025**; and (6) Defendants' argument that evidence and argument concerning non-compliance with Regulation D should be precluded — at the final pretrial conference on **October 16, 2025**. The motions are otherwise granted or denied as set forth above.

No later than **October 6, 2025**, (1) the Government shall file a reply in support of its Motion *in Limine* #2 addressing Defendants' argument that evidence and argument concerning non-compliance with Regulation D should be precluded; and (2) Defendants shall file a reply in support of their motions to preclude addressing whether Professor Laby should be precluded

from testifying about whether and when the use of "may" is misleading (and, more specifically, addressing whether they would agree to either or both of the conditions proposed by the Government on page 23 of its memorandum of law). Additionally, no later than **October 9, 2025**, the parties shall (1) file letters addressing whether the Court should give preliminary instructions regarding the fiduciary duties that investment advisors owe their clients and proposing such instructions; and (2) file agreed-upon proposed limiting instructions (or competing instructions) regarding:

(1) evidence and argument concerning the SEC examination letters;

(2) evidence and argument concerning industry custom and practice (including FINRA guidance and, if permitted, SEC guidance) in connection with whether Defendants' alleged markups were excessive;

(3) evidence and argument concerning the presence of attorneys in the events discussed at trial;

(4) evidence or argument concerning Martinsen's and Castillero's failure to pay taxes on the alleged crime proceeds;

(5) Martinsen's prior testimony to FINRA; and

(6) any other issues as to which either side believes the Court should provide limiting or curative instructions to the jury.

The Clerk of Court is directed to terminate ECF Nos. 121, 125, 128, 131, and 135.

SO ORDERED.

Dated: September 29, 2025
    New York, New York

_____
JESSE M. FURMAN
United States District Judge