UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES, :
:
: 23-CR-622 (JMF)
:
-v- : ORDER
:
MICHAEL CASTILLERO, :
FRANCINE LANAIA, and :
BRIAN MARTINSEN, :
:
Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Attached to this Order are the following:

- Exhibit 1, which is the juror questionnaire that the Court used during oral voir dire on October 20, 2025; and

- Exhibit 2, which was discussed on the record at the final pretrial conference held on October 16, 2025.

SO ORDERED.

Dated: October 21, 2025
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

**COURT EXHIBIT 1**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
                -v-                                                :    23-CR-622 (JMF)
                                                                   :
MICHAEL CASTILLERO,                                                :    VOIR DIRE
FRANCINE LANAIA, and                                               :
BRIAN MARTINSEN,                                                   :
                                                                   :
                                Defendants.                        :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

**<u>PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON</u>**

**<u>THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO</u>**

When directed to do so, please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question. If your answer to a question is "**no**," you should not do anything. Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which your answer is "yes." If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

A.      General Questions

1.      As I noted, this trial is expected to last up to three weeks. Do you have any unmovable commitments or extraordinary personal hardship that would interfere with your serving as a juror at a trial that is expected to end, at the latest, by Friday, November 7, 2025?

2.      Do you have any difficulty understanding or reading English?

3.      Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

4.      As I mentioned, at the end of the trial, I will give you thorough instructions on the applicable law, including what the Government must prove beyond a reasonable doubt for you to find the defendants guilty of the crimes with which they are charged. Do you have any doubt that you will be able to apply the law as I explain it even if you disagree with it?

5.      In our criminal justice system, defendants are presumed to be innocent, not only at the outset of the trial, but throughout the entire trial — unless and until the Government proves their guilt beyond a reasonable doubt. Would you have any trouble following my instructions on these points?

6.      Because the burden rests with the Government at all times, defendants have no obligation to offer evidence or to testify in their own defense. If a defendant chooses not to testify, as is his or her absolute right, would you have any trouble following my instruction that you may not consider that fact in any way in your deliberations in the jury room?

7.      Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

8.      Have you, or has any close friend or relative, ever studied or practiced law or worked in any capacity for a law office or a court?

9. Have you, or has any close friend or relative, ever worked for any law enforcement agency, including the United States Attorney's Office for the Southern District of New York, a local District Attorney's Office, the New York City Policy Department ("NYPD"), the U.S. Postal Inspection Service, the Securities and Exchange Commission ("SEC"), the Federal Bureau of Investigation ("FBI"), the United States Marshals Service, the Federal Bureau of Prisons, or any other such agency?

10. Do you have any bias or prejudice for or against the United States Attorney's Office or any other law enforcement agency, including those listed in the previous question?

11. Have you, or has any close friend or relative, either as an individual or in the course of business, ever been involved in any legal action or dispute with the United States or any of its offices, departments, agencies, or employees, or had any interest in any such legal action or dispute or its outcome?

12. Have you, or has any close friend or relative, ever worked for a criminal defense attorney or private investigator?

13. Do you have any bias or prejudice for or against criminal defense attorneys?

14. Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice, positive or negative, based on race, national origin, or gender, that may inhibit your ability to be a fair and impartial juror in this case?

B.  Case-Specific Questions

15. Do you have any personal knowledge of this case, or have you heard or read anything about the charges or people involved as I have described them?

16. Do you have any knowledge of any of the defendants, Michael Castillero, Francine Lanaia, or Brian Martinsen, whether from personal experience, the media, or any other source?

17. As I explained earlier, this case involves a series of investment funds, called the StraightPath Funds, which were managed by a company named StraightPath Venture Partners LLC. Do you have any familiarity with the StraightPath Funds or StraighPath Venture Partners LLC?

18. Do you have experiences with, or opinions about, the securities industry, including whether it should or should not be regulated, that would affect your ability to be fair and impartial in this case?

19. This case may involve evidence concerning the sale of pre-Initial Public Offering (or pre-IPO) securities — that is, the sale of shares of private companies that will become public in the near future. Do you have any experiences with, or opinions about, pre-IPO securities that would make it difficult for you to be fair and impartial in a case involving such evidence?

20. Have you, or has any close friend or relative, been employed by a hedge fund, a broker-dealer, investment management company, private equity or venture capital fund, or by another financial institution that traded securities?

21. Have you, or has any close friend or relative, ever worked for the Financial Industry Regulatory Authority ("FINRA"), or any other financial regulatory body?

22. Have you, or has any close friend or relative, ever been involved — as a defendant, victim, witness, or in any other way — in a case involving securities fraud?

23. Have you, or has any close friend or relative, ever lost a significant sum of money because of an investment in securities?

24. As I explained earlier, some of the defendants are also charged with crimes relating to obstruction of justice. Do you have any feelings, beliefs, or experiences relating to these aspects of the case that would affect your ability to be fair and impartial in this case?

25. The Government witnesses in this case may include law enforcement officers, including agents and other employees of the Securities and Exchange Commission ("SEC") and the U.S. Postal Inspection Service. Would you have any difficulty assessing the credibility of such a witness just like you would any other witness?

26. You also may hear testimony from expert witnesses. Have you had any experiences with expert witnesses, or do you have any general feelings about the use of such witnesses, that would affect your ability to be fair and impartial in this case?

27. You may hear testimony in this case from cooperating witnesses — that is, witnesses who previously participated in criminal activity and are testifying pursuant to agreements with the Government; such cooperating witnesses hope to receive a lower sentence because of their cooperation. You may also hear testimony from witnesses who have received non-prosecution agreements — that is, agreements in which the Government agrees not to prosecute the witnesses at all. The use of such witnesses is lawful and permitted, but the testimony of such witnesses should be scrutinized carefully. Do you have any feelings, beliefs, or experiences regarding the Government's use of these kinds of witnesses that would influence your ability to evaluate this testimony fairly and impartially?

28. You may also hear testimony in this case from witnesses who are testifying under a grant of immunity — that is, witnesses whose statements cannot be used against them in any criminal case except in limited circumstances. The use of immunized witnesses is lawful and permitted. Do you have any feelings, beliefs, or experiences regarding the Government's use of immunized witnesses that would influence your ability to evaluate this testimony fairly and impartially?

29. The Government is not required to use any particular investigative technique when uncovering evidence of, or prosecuting, a crime. Would you have any trouble following my instructions on that score?

30. Do you have any expectations about the type or types of evidence that the Government should or will present in criminal trials?

31. Do you have any reason to believe that anything in your life experience will make you partial to one side or the other in this case?

32. Do you think that you could *not* sit fairly and impartially as a juror in a case involving charges like those in this case — that is, involving alleged securities fraud, investment adviser fraud, wire fraud, obstruction of justice, and conspiracy to commit those crimes?

C.    Knowledge of Parties, Lawyers, and Witnesses

33.    The United States is represented in this case by the United States Attorney for this District, who is Jay Clayton. Appearing on his behalf in this case will be Assistant United States Attorneys Allison Nichols, Adam Hobson, and Matthew Shahabian. They will be assisted by Alexandra Lebaron and Leyla Yurt, paralegal specialists in the United States Attorney's Office. Do you know, or have you had any dealings, directly or indirectly, with any of these people or any other member of the United States Attorney's Office for this District?

34.    The Assistant United States Attorneys will also be assisted in this case by Postal Inspectors Christina Merkos and Mary Kwong of the U.S. Postal Inspection Service. Have you, or has anyone close to you, had any dealings either directly or indirectly with Inspectors Merkos or Kwong?

35.    As I mentioned, Michael Castillero is a defendant in this case. Mr. Castillero is represented by Daniel McGuiness of the Law Offices of Daniel A. McGuiness PC and by Tess Cohen of the law firm ZMO Law PLLC. Do you know, or have you had any dealings, directly or indirectly, with any of these people, their law firms, or anyone else at those firms?

36.    As I mentioned, Francine Lanaia is also a defendant in this case. Ms. Lanaia is represented by Benjamin Allee and Madison Hope Powers of the law firm Yankwitt LLP. Do you know, or have you had any dealings, directly or indirectly, with Benjamin Allee, his law firms, or anyone else at those firms?

37.    Finally, as I mentioned, Brian Martinsen is also a defendant in this case. Mr. Martinsen is represented by Kevin Keating of the Law Office of Kevin Keating PC and Matthew Brissenden of the Law Office of Matthew W. Brissenden PC. Do you know, or have you had any dealings, directly or indirectly, with any of these people, their law firms, or anyone else at those firms?

38.    Do you know or have you heard of any of the following people who may testify or whose names may be mentioned during the course of the trial?

| | | | | | |
|---|---|---|---|---|---|
| 1. | Ellen Ackerman | 8. | Michael Davis | 15. | Julian Garcia-Ruiz |
| 2. | Alexander Blanc | 9. | Steven Debella | 16. | Megan Genet |
| 3. | Thomas Carocci | 10. | Edmond Denaburg | 17. | Mike Genovese |
| 4. | Nikki Castillero | 11. | Guy Durand | 18. | Mario Gogliormella |
| 5. | Jarret Collins | 12. | Markus Effinger | 19. | Wayne Hall |
| 6. | Melanie L. Cyganowski | 13. | Sam Enzer | 20. | Andrew Harwood |
| 7. | Andre Davis | 14. | Henry Fiorillo | 21. | Patrick Hoffman |

| | | | | | |
|---|---|---|---|---|---|
| 22. | Scott Hollender | 34. | Gabriel Migliano | 45. | Jeffrey W. Rubin |
| 23. | Karim Ibrahim | 35. | Schuyler Minton | 46. | John Sciasa |
| 24. | Bobby Johnson | 36. | Samuel Ottensoser | 47. | Scott Sherman |
| 25. | Arthur Laby | 37. | Robert Peters a/k/a Guidopietro | 48. | Andrew Trilling |
| 26. | Steven Lacaj | | | 49. | Tom Unkenholz |
| 27. | Eric Lachow | 38. | Tom Pirro | 50. | Jerry Wells |
| 28. | Mitchell Langsam | 39. | Robert Prokop | 51. | Tian Wen |
| 29. | Mark Lisser | 40. | Chris Rascionato | 52. | Frank Vecchio |
| 30. | David Mapes | 41. | Rodrigo Reis | 53. | Kumar Venkataraman |
| 31. | Jack Marshall | 42. | Russell Richardson | 54. | Danielle Baker |
| 32. | Melissa Machado | 43. | Samantha Roberts | | |
| 33. | Derrick McCord | 44. | Jay Rodgers | | |

39. Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, and myself?

40. During trial, you may hear evidence about sales of stock in certain companies before those companies went public, including the following:

   a. 23andme
   b. AirBnB
   c. Automation Anywhere
   d. Blend
   e. Chime
   f. DataMinr
   g. Eat Just
   h. Grab
   i. Impossible Foods
   j. Klarna
   k. Kraken
   l. Lyft
   m. Palantir
   n. Pinterest
   o. Plaid
   p. Rubrik
   q. Scopely
   r. Sofi
   s. SpaceX
   t. ThoughtSpot
   u. Triller
   v. UiPath
   w. Virgin Hyperloop
   x. Zebra
   y. Zipline

Do you have familiarity or experiences with any of these companies, including investments in them, that would interfere with your ability to be fair and impartial in this case and to decide the case based only on the evidence presented in court? (Note that you should not answer yes merely because you are familiar with one of the listed companies. You should answer yes only if you are familiar with a company and it would interfere with your ability to be fair and impartial in this case and to decide the case based only on the evidence presented in court.)

41. Some of the evidence in this case may concern the following entities and places:

a. Alexander Capital
b. Ellenoff Grossman & Schole LLP
c. Flexport
d. Forge Global Advisors
e. GoDaddy
f. Knightsbridge Private Partners
g. Legend Venture Partners
h. Nelson Mullins LLP
i. Sharespost Financial Corp.
j. SW Financial
k. Syren Capital
l. WeWork
m. Worden Capital
n. 25 Broadway, New York, NY
o. 601 Heritage Drive, Jupiter, FL

Do you have familiarity with any of these places or entities that would interfere with your ability to be fair and impartial in this case and to decide the case based only on the evidence presented in court? (As with the last question, you should not answer yes merely because you are familiar with one of the listed places or entities. You should answer yes only if you are familiar with a place or entity and it would interfere with your ability to be fair and impartial in this case and to decide the case based only on the evidence presented in court.)

D. <u>Experience with, and Opinions of, Crime and Legal Proceedings</u>

42. If you or any close friend or relative has ever brought a lawsuit against anyone or been sued, would that experience affect your ability to be fair and impartial in this case?

43. Have you, or has any close friend or relative, ever been involved, been questioned, or appeared as a witness, in any trial or any investigation, including any investigation by a federal or state grand jury or a law enforcement agency, including the Securities and Exchange Commission ("SEC")?

44. Have you, or has any close friend or relative, ever been the victim of a crime (other than one you have mentioned in connection with a previous question)?

45. Have you, or has any member of your immediate family, ever been arrested or incarcerated?

46. Have you, or any of your relatives or close friends, had any experience with law enforcement that you think may affect your ability to render a fair verdict?

7

E.  Difficulties in Understanding or Serving

47. Do you have any problem with your hearing or vision or any physical or medical issues (including any medication you may be taking) that would prevent you from giving your full attention to all of the evidence presented during this trial?

48. The question of punishment is for me alone to decide, and the possible punishment must not enter into your deliberations as to whether the defendants are guilty or not guilty. Would you have any trouble following that instruction if you were selected to serve as a juror?

49. From now and until your jury service is complete, you must avoid any discussion of this case, whether in the media, on social media, on the Internet, or elsewhere. That is, you are forbidden from consuming any news media or social media or any discussion of this case (or of anyone participating in the case) outside of the courtroom whatsoever. You also must not discuss this case with anyone. This includes your family, friends, spouse, domestic partner, colleagues, and co-workers. These instructions apply from now until you are either dismissed from jury selection or chosen as a juror and the trial is complete. Do you have any reservations or concerns about your ability or willingness to follow these instructions?

50. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror in this case. Apart from any prior question I have asked you, is there *any* reason that you could *not* be a conscientious, fair, and impartial juror in this case and render a true and just verdict without fear, favor, sympathy, or prejudice, according to the law as I will explain it to you?

**QUESTIONS FOR INDIVIDUAL JURORS**

1. Please state your name.

2. In which county or counties have you lived during the past five years?

3. How old are you?

4. How far did you go in school?

5. What do you do? (If retired or unemployed, describe your last employment.)

6. How long have you been employed in your current position? (If fewer than five years, where else did you work in the last five years?)

7. Do you live with anyone and, if so, what do they do?

8. Do you have grown children and, if so, what do they do?

9. Where do you typically get your news? For example, what phone apps, television shows, print newspapers, magazines, radio shows, podcasts, or internet news site(s) do you use, read, watch, or listen to on a regular basis?

10. Do you watch any shows dealing with the criminal justice system, such as investigative news programs like Dateline, 48 Hours, or 20/20, or police drama shows like Law & Order or CSI?

11. Do you belong, or volunteer your time, to any associations, organizations, clubs, or unions?

12. What do you like to do in your spare time?

13. Have you ever served as a juror? If so, when did you serve and were you on a grand jury or a regular jury? If a regular jury, was it a civil or criminal case? Did you reach a verdict? (**Do not tell us what the verdict was**.)

**COURT EXHIBIT 2**

US v. Castillero, 23cr622
Preliminary and Limiting Instructions

Preliminary Instructions

To assist you in understanding the evidence as you hear it and to alert you to some terms and concepts that you may hear during trial, I want to give you some preliminary instructions. To be clear, you must wait until my *final* instructions before you decide whether the Government has proved the guilt of any Defendant on any charge beyond a reasonable doubt. When you deliberate, you will rely not only on these preliminary instructions, but also on the final instructions that I will give you at the end of the case. It is those final instructions that control; these preliminary instructions are just to orient you as the trial proceeds.

As I mentioned earlier, the Indictment in this case charges the Defendants with securities fraud, investment adviser fraud, wire fraud, and conspiracy to commit those crimes in connection with their sale of securities through a series of investment funds called the StraightPath Funds. Two of the defendants — Mr. Castillero and Mr. Martinsen — are also charged with obstruction of justice and conspiracy to obstruct justice. Each Defendant denies the charges, and each Defendant is presumed innocent unless and until the Government establishes that Defendant's guilt beyond a reasonable doubt.

The term "security" or "securities" includes any stock or shares of a company, whether or not the company is publicly traded, and includes interests in the StraightPath Funds.

Among other things, the Government alleges that the Defendants made, or caused others to make, fraudulent statements to investors in the StraightPath Funds.

A statement is false if it is untrue when made and was known to be untrue by the person who uttered it. A false statement is fraudulent when it was made with the intent to deceive. A statement may also be false or fraudulent if it contains half-truths, conceals material facts, or is ambiguous or incomplete in a manner that makes what is said or represented deliberately misleading or deceptive.

This includes statements that may be literally true but that nevertheless create a materially misleading impression.

In addition, a failure to affirmatively disclose material information may be fraudulent if the person who failed to make the disclosure has a duty to disclose the withheld information, the person is aware of that duty, and the person withholds the information with the intent to defraud.

One way a duty to disclose exists is if a person has a "fiduciary" relationship to another person or entity. Broadly speaking, a "fiduciary" relationship arises when one person—the client — places special trust and confidence in another person — the fiduciary — in reliance that the fiduciary will exercise her discretion and expertise in the interests of the client, and the fiduciary knowingly accepts that special trust and confidence.

As I mentioned earlier, one of the charges in the Indictment is investment adviser fraud and, thus, the term "investment adviser" may come up at trial.

An investment adviser is a person who is in the business of providing advice as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or issuing written reports or analyses regarding securities, and is compensated for that advice. Investment advisers owe fiduciary duties to their clients as a matter of law.

Whether a person is an investment adviser is based on what the person does, not whether the person calls himself or herself an investment adviser, or whether the person is registered with the United States Securities and Exchange Commission as an investment adviser. It will be up to you, the jury, to decide whether any of the Defendants, or any entities they with which they were associated, were acting as investment advisers.

If you decide that an investment adviser relationship existed here, it will also be up to you to determine who that investment adviser's "client" or "clients" were because an investment adviser's fiduciary duties are owed only to his or her clients and not to the public at large. I instruct you,

however, that investment advisers are prohibited from making false or misleading statements to investors or prospective investors in funds they advise and cannot defraud investors or prospective investors in those funds, irrespective of whether those investors or prospective investors were their "clients."

That concludes my preliminary instructions on the law. Again, I want to stress that the Defendants are presumed innocent, and that presumption remains unless and until the Government proves a Defendant's guilt on a particular charge beyond a reasonable doubt. You will not be asked to decide whether the Government has carried that burden until the end of the trial, when you receive my final instructions on the law. Until then, please keep an open mind and listen carefully to the evidence as it comes in. Do not discuss the case with anyone, including each other, until you begin your formal deliberations at the end of the trial.

**Sources: Leonard Sand, *S3 Modern Federal Jury Instructions-Criminal* 15.34 (2025) (defining fiduciary duty); *United States v. Milovanovic*, 678 F.3d 713, 723 n.9 (9th Cir. 2012), as amended (May 22, 2012) (same); *United States v. Szur*, 289 F.3d 200, 210 (2d Cir. 2002) (same); 15 U.S.C.A. § 80b-2(a)(11) (West) (defining "Investment Adviser"); *United States Sec. & Exch. Comm'n v. Ahmed*, 308 F. Supp. 3d 628, 653 (D. Conn. 2018) ("[T]he fact that [the defendant] was not licensed, certified, or registered with any state or federal agency does not preclude him from being considered an investment adviser under the Adviser's Act, as the Act's definition of an adviser turns on conduct, not certification or registration." (citing *United States v. Onsa*, 523 Fed. Appx. 63, 65 (2d Cir. 2013)); *United State v. Lay*, 612 F.3d 440, 445 (6th Cir. 2010) (permitting the jury to determine whether a client-adviser relationship existed pursuant to the Investment Adviser Act); United *States Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 116 (2024) ("Section 206(b), as implemented by Rule 206(4)–8, prohibits investment advisers from making "any untrue statement of a material fact" or engaging in "fraudulent, deceptive, or manipulative" acts with respect to investors or prospective investors. 17 C.F.R. §§ 275.206(4)–8(a)(1), (2); see 15 U.S.C. § 80b–6(4)").**

### The SEC Letter/Investigation

This letter and any related testimony are being admitted into evidence for a limited purpose. The Government argues that it is evidence to show that the Defendants were placed on notice concerning potential violations of the federal securities laws and, thus, that it is relevant to their intent and state of mind with respect to the charges in the Indictment. You may consider this evidence for those purposes and those purposes only. You may not consider the letter or testimony about what the Defendants were told by the SEC for the truth. That is to say, you may not accept the SEC's factual allegations as true – this letter, for example, is not proof that any of the things described within the letter actually occurred. Nor may you give any weight to the SEC's legal conclusions, some of which pertain to laws different from those that the Indictment alleges the Defendants violated. The question of whether the Defendants did, in fact, commit the crimes charged in the Indictment is for you — and you alone — to decide in accordance with the legal instructions that I will give you at the end of the case.

### Evidence Concerning Industry Custom and Practice, FINRA and SEC Guidance

You have just heard some testimony regarding guidance from the United States Securities and Exchange Commission and a financial industry regulatory authority known as FINRA regarding the reasonableness of markups charged by broker dealers. To be clear, the Defendants are not charged with violating any of that guidance; indeed, a violation of the FINRA or SEC rules or guidance, standing alone, does not constitute a crime. That said, you may consider this evidence with respect to whether the Defendants charged investors a markup that was excessive and with respect to the Defendants' state of mind as to whether they knew any such markups were excessive.

Presence of Attorneys

You have seen and heard evidence regarding some of the Defendants' conversations with attorneys during the time period that is at issue in this trial. A lawyer's involvement with an individual or entity is not a defense to any charge in this case. None of the Defendants has claimed, and cannot claim, that the Defendants acted on the advice of an attorney in taking any of the actions at issue in this case.

Failure to Pay Taxes

You have heard some evidence that the Defendants Brian Martinsen and Michael Castillero failed to pay taxes on some income they received in connection with StraightPath. To be clear, neither of these Defendants has been charged with any violation of the tax laws. Instead, the Government argues this evidence is relevant to Mr. Martinsen's and Mr. Castillero's intent and state of mind, and I am admitting it for that limited purpose. It is ultimately up to you to decide what, if any, weight you should provide to this evidence.

Martinsen's FINRA Testimony

I have admitted into evidence prior testimony provided by Brian Martinsen during a FINRA deposition. I instruct you that the testimony was not offered for its truth, and you should not consider any of the statements in that testimony for their truth. To the contrary, the Government contends that Mr. Martinsen's statements to FINRA were not true. To be clear, however, neither Mr. Martinsen nor the other Defendants are charged with perjury, lying to FINRA, or obstructing a FINRA investigation, and this evidence is not admitted for those purposes.

**Description of the Case for *Voir Dire***

Before we proceed any further, let me give you a brief summary of the case so that you have some sense of what it is about as we go through jury selection. As I told you a moment ago, however, nothing I say is evidence.

Michael Castillero, Francine Lanaia, and Brian Martinsen are the defendants in this case. The three defendants were involved in a series of investment funds, collectively called the StraightPath Funds. The Indictment first charges all three defendants with securities fraud, investment adviser fraud, wire fraud, and conspiracy to commit those crimes. More specifically, the Indictment alleges that the defendants acted fraudulently in connection with the sale of securities through the StraightPath Funds by making misrepresentations regarding the prices and availability of shares of private companies that were expected to go public in the near future, by failing to disclose their roles in StraightPath, and by misappropriating investor money. Additionally, the Indictment charges two of the defendants — Mr. Castillero and Mr. Martinsen — with obstruction of justice and conspiracy to obstruct justice. More specifically, the Indictment alleges that after the United States Securities and Exchange Commission — or "SEC" — opened an investigation into StraightPath and served StraightPath with a subpoena, Mr. Castillero and Mr. Martinsen obstructed that investigation by deleting StraightPath email accounts and making misrepresentations to the SEC.

As I've told you, all three defendants deny these allegations and have pleaded "not guilty" to these charges. Again, keep in mind that the indictment is not evidence. It merely contains formal accusations. The government has the burden of producing evidence sufficient to prove the Defendants' guilt beyond a reasonable doubt. And all three Defendants are presumed innocent of the charges.