UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

                                     :

UNITED STATES,                          :

                             :

        -v-                     :         23-CR-622 (JMF)

                             :

MICHAEL CASTILLERO,           :          ORDER

FRANCINE LANAIA, and         :

BRIAN MARTINSEN,            :

                             :

              Defendants.      :

                             :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Attached is the final jury charge that was delivered to the jury on November 4, 2025.

      SO ORDERED.

Dated: November 5, 2025
       New York, New York

                                   JESSE M. FURMAN
                             United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                   :

UNITED STATES OF AMERICA,          :

                                   :

    -v-                               :

                                   :

MICHAEL CASTILLERO, a/k/a "Michael Alejandro,"  :        23-CR-622 (JMF)
FRANCINE LANAIA,                  :
and BRIAN MARTINSEN,             :

                                 :

                   Defendants.      :

                                 :
------------------------------------------------------------------------X

## JURY CHARGE

November 4, 2025

# TABLE OF CONTENTS

I. GENERAL INTRODUCTORY CHARGES .................................................................... 1

Role of the Court and the Jury ............................................................................ 2

The Parties .......................................................................................................... 2

Conduct of Counsel ............................................................................................ 2

Presumption of Innocence and Burden of Proof ............................................... 3

Proof Beyond a Reasonable Doubt ..................................................................... 4

Direct and Circumstantial Evidence ................................................................... 4

What Is and What Is Not Evidence ..................................................................... 6

Stipulations ......................................................................................................... 7

Charts and Summaries ........................................................................................ 7

Limited Purpose Evidence .................................................................................. 7

Recordings and Transcripts ................................................................................ 8

Redactions ........................................................................................................... 8

Credibility of Witnesses ..................................................................................... 8

Non-Prosecution Agreements and Accomplice/Cooperator Testimony ............ 9

Immunized Witnesses ......................................................................................... 12

Law Enforcement and Government Witnesses .................................................... 13

Expert Witnesses ................................................................................................ 13

Uncalled Witnesses ............................................................................................ 14

Number of Witnesses and Uncontradicted Testimony ....................................... 14

Particular Investigative Techniques .................................................................... 15

All Available Evidence Need Not Be Introduced ............................................... 15

Preparation of Witnesses .................................................................................... 15

Presence of Counsel ............................................................................................ 16

Persons Not on Trial ........................................................................................... 16

A Defendant's Right Not to Testify .................................................................... 17

II. SUBSTANTIVE CHARGES ......................................................................................... 17

   The Indictment ................................................................................................................ 17

   Conspiracy Charges and Substantive Charges .............................................................. 19

   Count Two — Securities Fraud: Elements ..................................................................... 20

      Count Two — First Element: Fraudulent Act ............................................................ 21

      Count Two — Second Element: Intent to Defraud .................................................... 27

      Count Two — Third Element: Instrumentality of Interstate Commerce .................... 29

   Count Three — Wire Fraud: Elements ........................................................................... 30

      Count Three — First Element: Existence of Scheme or Artifice ............................... 31

      Count Three — Second Element: Knowledge and Intent to Defraud .......................... 32

      Count Three — Third Element: Use of Interstate Wires ............................................ 33

   Count Four — Investment Adviser Fraud: Elements of the Offense .............................. 34

      Count Four — First Element: Investment Adviser ..................................................... 35

      Count Four — Second Element: Fraudulent Act ........................................................ 36

      Count Four — Third Element: Knowledge, Intent, and Willfulness ........................... 38

      Count Four — Fourth Element: Interstate Nexus ....................................................... 38

   Count Six — Obstruction of Justice: Elements .............................................................. 38

      Count Six — First Element: Alteration or Destruction of a Record or Document ............... 39

      Count Six — Second Element: Intent to Obstruct ..................................................... 39

   Aiding and Abetting Liability ........................................................................................ 40

   Counts One and Five — The Conspiracy Charges: Elements ......................................... 43

      Counts One and Five — First Element: Existence of the Conspiracy ......................... 43

      Counts One and Five — Second Element: Membership in the Conspiracy .................. 45

      Counts One and Five — Third Element: Overt Act .................................................... 48

      Multiple Conspiracies ................................................................................................. 48

Venue ................................................................................................................................ 50

Variance of Dates and Amounts ........................................................................................ 51

III. CONCLUDING INSTRUCTIONS ................................................................................ 51

Selection of the Foreperson ............................................................................................... 51

Right to See Exhibits and Hear Testimony ........................................................................ 52

Juror Note-Taking .............................................................................................................. 52

Bias, Prejudice, and Sympathy .......................................................................................... 53

Duty to Deliberate .............................................................................................................. 54

Return of the Verdict .......................................................................................................... 55

Closing Comments ............................................................................................................. 55

# I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence and the lawyers' closing arguments. It is my duty at this point to instruct you as to the law. I am going to read my instructions to you. It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

I have given you a copy of my instructions to follow along because they cover many points. Please limit yourself to following along; that is, do *not* read ahead in the instructions. If you find it easier to listen and understand while you are following along with me, please do so. If you would prefer, you can just listen and not follow along. In the unlikely event that I deviate from the written instructions, it is my oral instructions that govern and that you must follow. But you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying. You should not single out any instruction as alone stating the law. Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

My instructions to you will be in three parts.

*First*, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

*Second*, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

*Finally*, I will give you some instructions for your deliberations.

1

1    Role of the Court and the Jury

2        You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh

3    and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It

4    is your duty to accept my instructions as to the law and to apply them to the facts as you determine them.

5    If anyone has stated a legal principle differently from any that I state to you in my instructions, it is my

6    instructions that you must follow.

7

8    The Parties

9        In reaching your verdict, you must remember that all parties stand equal before a jury in the

10   courts of the United States.  The fact that the Government is a party and the prosecution is brought in the

11   name of the United States does not entitle the Government or its witnesses to any greater consideration

12   than that accorded to any other party.  By the same token, you must give it no less deference.  The

13   Government and the defendants, Michael Castillero, Francine Lanaia, and Brian Martinsen, stand on

14   equal footing before you.

15       It would be improper for you to consider, in reaching your decision as to whether the

16   Government sustained its burden of proof, any personal feelings you may have about the defendants'

17   race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of

18   innocence and the Government has the same burden of proof with respect to all persons.

19

20   Conduct of Counsel

21       The personalities and the conduct of counsel are not in any way at issue.  If you formed opinions

22   of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or

23   disapproved of their behavior, those opinions should not enter into your deliberations.

1    In addition, remember that it is the duty of a lawyer to object when the other side offers

2    testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should

3    draw no inference from the fact that there was an objection to any testimony or evidence.  Nor should

4    you draw any inference related to the weight or importance of any testimony or evidence from the fact

5    that I sustained or overruled an objection.  Simply because I have permitted certain testimony or

6    evidence to be introduced does not mean that I have decided on its importance or significance.  That is

7    for you to decide.

8

9    <u>Presumption of Innocence and Burden of Proof</u>

10   All three defendants have pleaded not guilty to the charges against them.  As a result of that plea

11   of not guilty, the burden is on the Government to prove each defendant's guilt beyond a reasonable

12   doubt.  This burden never shifts to a defendant for the simple reason that the law never imposes upon a

13   defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or

14   producing any evidence.

15   Furthermore, the law presumes the defendants to be innocent of the charges against them.  The

16   presumption of innocence was in their favor when the trial began, continued in their favor throughout

17   the entire trial, remains with them even as I speak to you now, and persists in their favor as to each

18   charged crime during the course of your deliberations in the jury room, unless and until you determine

19   that the Government proves beyond a reasonable doubt that the defendant you are considering

20   committed that crime.

21

1     <u>Proof Beyond a Reasonable Doubt</u>

2     The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

3 doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

4 a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

5 arising out of the evidence in the case — or the lack of evidence.  A reasonable doubt is not caprice,

6 whim, or speculation.

7     Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

8 practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

9 by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

10 establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

11     If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

12 that you are not satisfied with the guilt of the defendant you are considering, that you do not have an

13 abiding belief of that defendant's guilt — in other words, if you have such a doubt as would reasonably

14 cause a prudent person to hesitate in acting in matters of importance in his or her own affairs — then

15 you have a reasonable doubt, and in that circumstance it is your duty to acquit.

16     On the other hand, if, after a fair and impartial consideration of all the evidence, you can

17 candidly and honestly say that you do have an abiding belief of a defendant's guilt, such a belief as a

18 prudent person would be willing to act upon in important matters in the personal affairs of his or her

19 own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

20

21     <u>Direct and Circumstantial Evidence</u>

22     There are two types of evidence that you may properly use in deciding whether the defendants

23 are guilty or not guilty of the crimes with which they are charged.

1    One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented

2    when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

3    observed through the five senses. The second type of evidence is circumstantial evidence.

4    Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

5    There is a simple example of circumstantial evidence that is often used in this courthouse.

6    Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

7    outside. Also assume that the courtroom shades were drawn and you could not look outside. Assume

8    further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

9    then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

10    Now, because you could not look outside the courtroom and you could not see whether it was

11    raining, you would have no direct evidence of that fact. But, on the combination of facts that I have

12    asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

13    That is all there is to circumstantial evidence. You infer on the basis of your reason, experience,

14    and common sense from one established fact the existence or the nonexistence of some other fact.

15    The matter of drawing inferences from facts in evidence is not a matter of guesswork or

16    speculation. An inference is a logical, factual conclusion that you might reasonably draw from other

17    facts that have been proved. It is for you, and you alone, to decide what inferences you will draw.

18    Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

19    Often such facts are established by circumstantial evidence and the reasonable inferences you draw.

20    Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction

21    between direct and circumstantial evidence. The law simply requires that before convicting a defendant,

22    you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

23    the case.

1

2    <u>What Is and What Is Not Evidence</u>

3    What, then, is the evidence in the case?

4    The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

5    into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence.

6    For example, the questions posed to a witness are not evidence; it is the witnesses' answers that

7    are evidence, not the questions.  In addition, materials brought forth only to refresh a witness's

8    recollection are not evidence.  Moreover, testimony that has been stricken or excluded by me is not

9    evidence and may not be considered by you in rendering your verdict.

10    Arguments by the advocates are also not evidence.  What you heard during the opening

11    statements and summations is merely intended to help you understand the evidence and reach your

12    verdict.  If your recollection of the facts differs from the lawyers' statements, you should rely on your

13    recollection.  If a lawyer made a statement during his or her opening or summation and you find that

14    there is no evidence to support the statement, you should disregard the statement.

15    Further, any statements that I may have made during the trial or during these instructions do not

16    constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

17    to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

18    questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

19    evidence and to bring out something that I thought might be unclear.  You should draw no inference or

20    conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

21    reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

22    these instructions are no indication of my views of what your decision should be.  Nor should you infer

1    that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

2    you should decide any issue that is before you.  That is entirely your role.

3          Finally, I instruct you that all of the evidence presented to you in this case was lawfully obtained.

4    Whether you approve or disapprove of how any evidence was obtained should not enter into your

5    deliberations.

6

7          Stipulations

8          Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement

9    between parties as to what certain facts were or what the testimony would be if certain people testified

10   before you.  The stipulation is the same for your purposes as the presentation of live testimony.  You

11   should consider the weight to be given such evidence just as you would any other evidence.

12

13         Charts and Summaries

14         The Government presented exhibits in the form of charts and summaries.  As I mentioned to you

15   earlier, I admitted these charts and summaries in place of, or in addition to, the underlying testimony or

16   documents that they represent in order to save time and avoid unnecessary inconvenience.  You should

17   consider the charts and summaries as you would any other evidence.

18

19         Limited Purpose Evidence

20         If certain testimony or evidence was received for a limited purpose, you must follow the limiting

21   instructions I have given.

22

7

1      Recordings and Transcripts

2      Recordings and transcripts have been admitted into evidence. Whether you approve or

3   disapprove of the recording of the activity may not enter your deliberations.  I instruct you that these

4   recordings were made in a lawful manner and that no one's rights were violated; that the Government's

5   use of this evidence is lawful; and that it was properly admitted into evidence at this trial.

6      I remind you that the transcripts were given to you only as aids or guides to assist you in

7   listening to the recordings; they are not in and of themselves evidence.  You alone should make your

8   own interpretation of what appears on the recordings based on what you heard.  If you think you heard

9   something different than what appeared on the transcript, then what you heard is controlling..

10

11      Redactions

12      As I explained during trial, some of the exhibits admitted into evidence contain redactions of

13   certain information.  "Redacted" means that part of the document or recording was taken or blacked out.

14   There is nothing unusual or improper about such redactions.  You are to concern yourself only with the

15   part of the document that has been admitted into evidence.  You should not consider any possible reason

16   why the other part of it was not admitted into evidence.

17

18      Credibility of Witnesses

19      How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

20   your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

21   same tests here that you use in your everyday life when evaluating statements made by others to you.

22   You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

23   was the witness to the questions asked on direct examination and on cross-examination?

1    If you find that a witness intentionally told a falsehood, that is always a matter of importance you

2    should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

3    untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

4    determine whether such inconsistencies are significant or inconsequential, and whether to accept or

5    reject all of the testimony of any witness, or to accept or reject only portions.

6    You are not required to accept testimony even though the testimony is uncontradicted and the

7    witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

8    or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

9    conclude that the testimony is not worthy of belief.

10    In evaluating the credibility of the witnesses, you should take into account any evidence that a

11    witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

12    a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

13    interests.  Therefore, if you find that any witness may have an interest in the outcome of this trial, you

14    should bear that factor in mind when evaluating the credibility of his or her testimony and decide

15    whether to accept it with great care.

16    Keep in mind, though, that it does not automatically follow that testimony given by an interested

17    witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

18    the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

19    common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

20

21    <u>Non-Prosecution Agreements and Accomplice/Cooperator Testimony</u>

22    You heard testimony from witnesses who had entered into agreements with the Government.  It

23    is no concern of yours why the Government made an agreement with a particular witness.  You may,

9

1  however, consider the effect, if any, that the existence or terms of any such agreement have on the

2  witness's credibility.  A witness who hopes to obtain leniency may have a motive to testify as he

3  believes the Government wishes, or he may feel that it is in his interest to incriminate others.  As with

4  any witness, your responsibility is to determine whether any such motive or intent has influenced the

5  witness's testimony and whether the witness has told the truth, in whole or in part.

6        One witness, Eric Lachow, testified in exchange for a promise by the Government not to charge

7  him with certain crimes.  This type of agreement is known as a "non-prosecution agreement."  I instruct

8  you that there is nothing improper in the Government's use of such agreements.  They are a common

9  and important law-enforcement tool.  However, in evaluating the testimony of a witness with a non-

10  prosecution agreement, you should examine it with greater scrutiny than you would the testimony of an

11  ordinary witness.  You should consider what benefits or promises he received from the Government that

12  would motivate him to testify falsely.  For example, he may believe that he will continue to receive these

13  benefits only if he produces evidence of criminal conduct.

14        Another witness, Mark Lisser, testified pursuant to what is known as a "cooperation agreement."

15  I instruct you that there is nothing improper in the Government's use of such agreements either.  They

16  are also a common and important law-enforcement tool.  It is not unusual for the Government to rely on

17  the testimony of witnesses who admit to having participated in criminal activity.  The Government must

18  take its witnesses as it finds them and sometimes must use such testimony in a criminal prosecution

19  because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.  For these

20  very reasons, the law allows the use of testimony from accomplice or cooperating witnesses.  Indeed, the

21  testimony of such a witness may be enough in itself for conviction, if the jury believes that the testimony

22  establishes guilt beyond a reasonable doubt.

1      However, because of the interest an accomplice or cooperator may have in testifying, you should

2    scrutinize any such testimony with special care and caution.  You may consider the fact that a witness is

3    a cooperator as bearing upon his credibility.  Like the testimony of any other witness, cooperating

4    witness testimony should be given such weight as it deserves in light of the facts and circumstances

5    before you, taking into account the witness's demeanor and candor, the strength and accuracy of the

6    witness's recollection, his background, and the extent to which his testimony is or is not corroborated by

7    other evidence in the case.  You may consider whether a cooperating witness has an interest in the

8    outcome of the case, and if so, whether that interest has affected his testimony.

9       In evaluating the testimony of a cooperating witness, you should ask yourselves the following

10   questions:  Would the accomplice benefit more by lying or by telling the truth?  Was any part of his

11   testimony potentially made up because he believed or hoped that he would receive favorable treatment

12   from the Government by testifying falsely or as he believed the Government wanted?  Or did he believe

13   that his interests would be best served by testifying truthfully?  If you believe that the witness was

14   motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one

15   that would cause him to tell the truth?  Did this motivation color his testimony?  It does not follow,

16   however, that simply because a person has admitted to participating in one or more crimes, he is

17   incapable of giving a truthful version of what happened.

18      If you think that the testimony was false, you should reject it.  However, if, after a cautious and

19   careful examination of an accomplice witness's testimony, you are satisfied that the witness told the

20   truth, you may accept his testimony as credible and act upon it accordingly.

21      As with any witness, let me emphasize that the issue of credibility need not be decided in an all-

22   or-nothing fashion.  If you find that a witness has been untruthful in some respect, you may, but are not

23   required to, reject the witness's testimony in its entirety.  Even if you find that a witness testified falsely

11

1    in one part, you still may accept his testimony in other parts.  How much of a witness's testimony to

2    accept, if any, is a determination entirely for you, the jury.

3

4        Immunized Witnesses

5        You have heard the testimony of a witness, Schuyler Minton, who testified under a grant of

6    immunity from this Court.  What this means is that the testimony of the witness may not be used against

7    the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise

8    failing to comply with the immunity order of this Court.

9        You are instructed that the Government is entitled to call a person who has been granted

10    immunity by order of this Court; you are further instructed that you may convict a defendant on the basis

11    of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a

12    reasonable doubt.

13        However, the testimony of a witness who has been granted immunity should be examined by you

14    with great care.  You should scrutinize it closely to determine whether or not it is colored in such a way

15    as to place guilt upon the defendant in order to further the witness's own interests.  If after a careful

16    examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the

17    witness told the truth, you should accept it as credible and act upon it accordingly.

18        In addition, it does not follow that simply because a person may have participated in criminal

19    conduct, that he or she is incapable of giving truthful testimony.  Further, it is of no concern of yours

20    why a witness received court-ordered immunity. Your sole concern is whether a witness has given

21    truthful testimony in this courtroom before you.  As with any witness, let me emphasize that the issue of

22    credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified

1    falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.

2    That is a determination entirely for you, the jury.

3

4          <u>Law Enforcement and Government Witnesses</u>

5          You have heard testimony from law enforcement or other government witnesses, including

6    representatives of the United States Postal Inspection Service and the Securities and Exchange

7    Commission.  The fact that a witness may be employed as a law enforcement official or government

8    employee does not mean that his or her testimony is deserving of more or less consideration or greater or

9    lesser weight than that of an ordinary witness.  It is your decision, after reviewing all the evidence,

10   whether to accept the testimony of any law enforcement witness or government witness, as it is with

11   every other type of witness, and to give to that testimony the weight you find it deserves.

12

13         <u>Expert Witnesses</u>

14         You have heard testimony of expert witnesses.  As I previously explained, an expert witness is

15   someone who, by education or experience, has acquired learning or experience in a specialized area of

16   knowledge.  Such a witness is permitted to express his or her opinions on matters about which he or she

17   has specialized knowledge and training.  A party may present expert testimony to you on the theory that

18   someone who is experienced in the field can assist you in understanding the evidence or in reaching an

19   independent decision on the facts.

20         Your role in judging credibility applies to experts as well as other witnesses.  In weighing an

21   expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as

22   well as all of the other considerations that ordinarily apply, including all the other evidence in the case.

23   If you find the opinion of an expert is based on sufficient data, education, and experience, and the other

13

1    evidence does not give you reason to doubt his or her conclusions, you would be justified in placing

2    reliance on his or her testimony.  However, you should not accept witness testimony simply because the

3    witness is an expert.  The determination of the facts in this case rests solely with you.

4

5        Uncalled Witnesses

6        There are people whose names you have heard during the course of the trial but who did not

7    appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

8    call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

9    to what they would have testified to had they been called.  Their absence should not affect your

10   judgment in any way.

11       You should, however, remember my instruction that the law does not impose on a defendant in a

12   criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

13   remains at all times with the Government.

14

15       Number of Witnesses and Uncontradicted Testimony

16       I remind you that the defendants are not required to call any witnesses or offer any evidence,

17   since they are presumed to be innocent.  On the other hand, the Government is not required to prove

18   each element of the offense by any particular number of witnesses.  The testimony of a single witness

19   may be enough to convince you beyond a reasonable doubt of the existence of the elements of the

20   charged offenses — if you believe that the witness has truthfully and accurately related what he or she

21   has told you.  The testimony of a single witness may also be enough to convince you that reasonable

22   doubt exists, in which case you must return a not guilty verdict.

23

14

1       <u>Particular Investigative Techniques</u>

2       There is no legal requirement that the Government prove its case through any particular means.

3 While you are to carefully consider the evidence and/or lack of evidence adduced by the Government,

4 you are not to speculate as to why the Government used the techniques it did or why it did not use other

5 techniques.

6

7       <u>All Available Evidence Need Not Be Introduced</u>

8       The law does not require any party to call as witnesses all persons who may have been present at

9 any time or place involved in the case, or who may appear to have some knowledge of the matter in

10 issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and

11 things available to either party during the course of the trial.  Your concern is to determine whether or

12 not, on the evidence or lack of evidence, the Government has met its burden of proving each element of

13 each charge beyond a reasonable doubt with respect to each defendant.

14

15       <u>Preparation of Witnesses</u>

16       You have heard evidence during the trial that witnesses have discussed the facts of the case and

17 their testimony with their own lawyers or with Government lawyers before they appeared in court.

18 Although you may consider these facts when you are evaluating a witness's credibility, there is nothing

19 either unusual or inherently improper about a witness meeting with lawyers before testifying so that the

20 witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have

21 the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps

22 conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness

23 without such consultation.

1    As always, the weight you give to the fact or the nature of these issues and what inferences you

2    draw from them are matters completely within your discretion.

3

4    Presence of Counsel

5    You have heard evidence that some defendants may have communicated with attorneys during

6    the time period at issue in this case.  You may consider these communications, like all other

7    communications of the defendants as to which evidence was received, as evidence that may bear on each

8    defendant's state of mind and intentions and to give that evidence what weight, if any, you deem

9    appropriate considering all the other facts.  However, a lawyer's involvement does not, itself, constitute

10   a defense to the charge in this case.  The defense has not claimed that the defendants' conduct was

11   lawful because they engaged in such conduct in good-faith reliance on the advice of a lawyer.  Both

12   parties agree that the evidence does not support that the defendants acted on the advice of an attorney.

13

14   Persons Not on Trial

15   During the course of the trial, you have heard the names of other individuals mentioned in

16   connection with this case.  Some of these other individuals have been mentioned in connection with

17   what the Government alleges was illegal activity.  You may not draw any inference, favorable or

18   unfavorable, toward the Government or the defendant from the fact that any person is not on trial here.

16

1    Nor may you speculate as to what became of them and why. These matters are wholly outside your

2    concern and have no bearing on your function as jurors in deciding the case before you.

3

4        A Defendant's Right Not to Testify

5        The defendants did not testify in this trial. Under our Constitution, a defendant is presumed

6    innocent and has no obligation to testify or to present any other evidence because, as I have told you, it

7    is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden

8    remains on the Government throughout the entire trial and never shifts to the defendants. The

9    defendants is never required to prove that they are innocent.

10        You may not attach any significance to the fact that the defendants did not testify. No adverse

11    inference against the defendants may be drawn by you because the defendants did not take the witness

12    stand. You may not consider this in any way in your deliberations in the jury room.

13

14                    **II. SUBSTANTIVE CHARGES**

15        That concludes my introductory instructions. Let me now turn to the charges.

16

17        The Indictment

18        The defendants are formally charged in an Indictment. As I instructed you at the outset of this

19    trial, the Indictment is not evidence. It is simply an accusation, a statement of the charges made against

20    the defendants. It gives the defendants notice of the charges against them, and it informs the court and

21    the public of the nature of the accusation. But it is not evidence, and it does not prove or even indicate

22    guilt. It does not create any presumption or permit any inference that the defendants are guilty. As a

23    result, you are to give it no weight in deciding the defendants' guilt or lack of guilt. What matters is the

17

1    evidence you heard at this trial.  Indeed, as I have previously noted, the defendants are presumed

2    innocent, and each has entered a plea of not guilty.  It is the prosecution's burden to prove each

3    defendant's guilt beyond a reasonable doubt.

4         The Indictment before you contains six counts, or charges.  Each count of the Indictment relates

5    to a different alleged crime.  In your deliberations and in reaching your verdict, you must bear in mind

6    that guilt is individual.  You must therefore consider each count and each defendant separately, must

7    weigh the evidence as to each defendant separately for each count in which that defendant is charged,

8    and return a verdict of guilty or not guilty for each defendant on each count.  Your verdict as to each

9    defendant must be determined separately with respect to that defendant, solely on the evidence, or lack

10   of evidence, presented against that defendant, without regard to the guilt or innocence of anyone else.

11        So what are the charges in the Indictment?

12        Count One charges all three defendants, Michael Castillero, Francine Lanaia, and Brian

13   Martinsen, with conspiring to commit securities fraud, wire fraud, and investment adviser fraud.

14        Count Two charges all three defendants with committing securities fraud.

15        Count Three charges all three defendants with wire fraud.

16        Count Four charges all three defendants with committing investment adviser fraud.

17        Count Five charges two of the defendants — Mr. Castillero and Mr. Martinsen — with

18   conspiring to obstruct justice.

19        And Count Six charges Mr. Castillero and Mr. Martinsen with obstruction of justice.

20        During trial, you heard some evidence regarding guidance from the United States Securities and

21   Exchange Commission (or SEC) and a financial industry regulatory authority known as FINRA.  I

22   remind you that the defendants are not charged with violating any of that guidance; indeed, a violation

23   of the FINRA or SEC rules or guidance, standing alone, does not constitute a crime.

18

1       With that, I will instruct you about the six crimes charged in the Indictment.

2

3       <u>Conspiracy Charges and Substantive Charges</u>

4       Two counts — specifically, Counts One and Five — are conspiracy charges. The other counts

5  — Counts Two, Three, Four, and Six — are called "substantive" charges. I will instruct you as to each

6  count separately in just a moment, but let me briefly explain the difference between a conspiracy charge

7  and a substantive charge.

8       A conspiracy count is different from a substantive count. Generally speaking, a conspiracy

9  charge alleges that two or more persons agreed together to accomplish an unlawful objective. The focus

10  of a conspiracy count, therefore, is on whether there was an unlawful agreement. There can be no

11  conspiracy unless at least two people reached such an unlawful agreement, whether express or implied.

12       A substantive count, on the other hand, charges a defendant with the actual commission of an

13  offense. A substantive offense therefore may be committed by a single person, and it need not involve

14  any agreement with anyone.

15       A conspiracy to commit a crime is an entirely separate and different offense from a substantive

16  crime, the commission of which may be an object or goal of the conspiracy. And because the essence of

17  the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the

18  crime, the commission of which was an objective of the conspiracy, was ever committed. In other

19  words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if

20  its purpose was not accomplished. Consequently, a conspiracy charge does not require proof that the

21  crime or crimes that were the objective or objectives of the conspiracy actually were committed.

22       By contrast, conviction on a substantive count requires proof that the crime charged actually

23  was committed, but it does not require proof of an agreement. If a defendant both participates in a

19

1    conspiracy and commits the crime or crimes that were the object or objects of the conspiracy, that

2    defendant may be guilty of both the conspiracy and the substantive crime or crimes.

3         With that, I will turn to the elements of each count.  I am going to begin, however, with the

4    substantive counts because explaining them first will simplify my instructions with respect to Counts

5    One and Five, which are the conspiracy counts.  So I will begin with Count Two.

6

7         Count Two — Securities Fraud: Elements

8         Count Two charges all three defendants with securities fraud.  Specifically, Count Two charges

9    that from at least in or about 2017 through in or about April 2022, the defendants made false and

10   misleading statements to investors about StraightPath's operations, the pricing and availability of

11   StraightPath's pre-IPO shares, and misappropriated investor funds.

12        For a defendant to be found guilty of Count Two, the Government must prove each of the

13   following three elements beyond a reasonable doubt:

14        *First*, that in connection with the purchase or sale of a security, the defendant you are

15   considering did any one or more of the following:

16        (a) employed a device, scheme, or artifice to defraud;

17        (b) made an untrue statement of a material fact or omitted to state a material fact that made what

18   was said, under the circumstances, misleading; or

19        (c) engaged in an act, practice, or course of business that operated, or would operate, as a fraud

20   or deceit upon a purchaser or seller;

21        *Second*, that the defendant you are considering acted willfully, knowingly, and with the intent to

22   defraud; and

20

1    And *third*, that the defendant you are considering knowingly used, or caused to be used, any

2    means or instruments of transportation or communication in interstate commerce or the use of the mails

3    in furtherance of the fraudulent conduct.

4

5    Count Two — First Element: Fraudulent Act

6        The first element that the Government must prove beyond a reasonable doubt with respect to

7    Count Two is that, in connection with the purchase or sale of a security, the defendant you are

8    considering did any one or more of the following:

9        (a) employed a device, scheme, or artifice to defraud;

10        (b) made an untrue statement of a material fact or omitted to state a material fact that made what

11    was said, under the circumstances, misleading;

12        (c) failed, with an intent to defraud, to disclose a material fact that the defendant you are

13    considering knew he or she had a duty to disclose; or

14        (d) engaged in an act, practice, or course of business that operated, or would operate, as a fraud

15    or deceit upon a purchaser or seller.

16        It is not necessary for the Government to establish all of these types of unlawful conduct in

17    connection with the sale or purchase of securities.  Any one is sufficient for a conviction, but you must

18    be unanimous as to which type of unlawful conduct you find to have been proved.

19        In assessing whether this first element of Count Two is satisfied, it does not matter whether the

20    alleged unlawful conduct was successful or not, or that the defendant you are considering profited or

21    received any benefits as a result of the alleged scheme.  Success is not an element of the crime charged.

22    However, if you find that the defendant you are considering did profit from the alleged scheme, you may

23    consider that in relation to the third element of intent, which I will discuss shortly.

21

1       Let me explain some of the terms and concepts relevant to this first element.

2                          **Device, Scheme, or Artifice to Defraud**

3       A "scheme" or "artifice" is merely a plan to accomplish an object.  A "device, scheme, or artifice

4    to defraud" is any plan, device, or course of action to obtain money or property by means of false or

5    fraudulent pretenses, representations, or promises.  "Fraud" is a general term that includes all the various

6    means by which human ingenuity can devise and that are resorted to by an individual to gain some

7    unfair advantage over another person by false representations, false suggestions, suppression of the

8    truth, or deliberate disregard for the truth.  Thus, a "scheme to defraud" is merely a plan to deprive

9    another of money or property by trick, deceit, deception or swindle.

10      It is no defense to an overall scheme to defraud that a defendant was not involved in the scheme

11   from its inception or played only a minor role.

12                          **False or Misleading Statement**

13      A statement, representation, claim, or document is false or misleading if it is untrue when made

14   and was then known to be untrue by the person making it or causing it to be made.  A representation or

15   statement is fraudulent if it was made with the intent to deceive.

16      A statement may be false or misleading if it directly contradicts what the speaker knew at the

17   time, created an impression of a state of affairs that differed in a material way from the one that actually

18   existed, or stated that there was a risk that had not yet been realized when, in fact, that risk had already

19   materialized or come to fruition.  A statement may also be false or fraudulent if it contains half-truths,

20   omits or conceals material facts, or is ambiguous or incomplete in a manner that makes what is said or

21   represented deliberately misleading or deceptive.  This includes statements that may be literally true but

22   that nevertheless create a materially misleading impression.

1    The deception need not be premised upon spoken or written words alone. The arrangement of

2    the words, or the circumstances in which they are used may convey the false and deceptive appearance.

3    Indeed, conduct alone can deceive another, even in circumstances where a person's statements contain

4    no misrepresentation. If there is deception, the manner in which it is accomplished does not matter.

5    **Non-Disclosure and Fiduciary Duty**

6    I have instructed you on ways in which statements or representations may be false or fraudulent.

7    Separately, the failure to disclose material information may also constitute a fraudulent representation if

8    the defendant you are considering was under a legal duty to make such a disclosure; the defendant

9    actually knew such disclosure was required to be made; and the defendant failed to make such disclosure

10   with the intent to defraud.

11   One way in which a duty to disclose material facts exists is when a person owes a "fiduciary"

12   relationship to another. Broadly speaking, a "fiduciary" relationship arises when one person — the

13   client — places special trust and confidence in another person — the fiduciary — in reliance that the

14   fiduciary will exercise his or her discretion and expertise in the interests of the client, and the fiduciary

15   knowingly accepts that special trust and confidence. At the heart of the fiduciary relationship lies

16   reliance and de facto control and dominance. Examples of a fiduciary include (but are not limited to) an

17   executor or administrator of an estate; an attorney with respect to the affairs of his client; a guardian of

18   an infant or incompetent person with respect to his ward; and the officers and directors of a corporation

19   with respect to the stockholders of the corporation.

20   Whether such a relationship existed here between any of the defendants and investors, or any

21   other entity, is a matter of fact for you, the jury, to determine. A fiduciary relationship exists when

22   confidence is reposed on one side and there is resulting superiority and influence on the other. One acts

23   in a fiduciary capacity when the business that he or she transacts or the money or property that he or she

23

1  handles is not his or her own or for his or her own benefit but for the benefit of another person, as to

2  whom he or she stands in a relation implying and necessitating great confidence and trust on the one part

3  and a high degree of good faith on the other part.

4      I hereby instruct you that the mere sale of securities from one party to another does not in itself

5  create a fiduciary relationship.  When parties deal at arms' length in a commercial transaction, there is

6  no relationship of confidence or trust sufficient to find the existence of a fiduciary relationship.

7      If you find that a fiduciary relationship existed, you should next consider whether there was a

8  breach of the duties incumbent upon the fiduciary in the fiduciary relationship.  I instruct you that a

9  fiduciary owes a duty of honest services to his or her customer, including a duty to disclose all material

10  facts concerning the transaction entrusted to him or her.  The concealment by a fiduciary of material

11  information that he or she is under a duty to disclose to another, when the fiduciary knows he or she has

12  such a duty to disclose, is a breach of fiduciary duty and can be fraudulent within the meaning of the

13  federal securities laws if the Government has proved beyond a reasonable doubt the other elements of

14  the offense as I explain them to you.  Importantly, however, a breach of fiduciary duty does *not* alone

15  constitute fraud for the purposes of this element.  Consistent with the instructions I've given you, it must

16  be accompanied by deception, misrepresentation, or nondisclosure with an intent to defraud.

17      Another way a duty to disclose may arise is when a person acts as a broker for a customer.  A

18  broker is a person engaged in the business of effecting transactions in securities for the account of

19  others.  While there is no general fiduciary duty inherent in an ordinary broker-customer relationship, a

20  relationship of trust and confidence does exist between a broker and a customer with respect to those

21  specific matters or transactions that have been entrusted to the broker in circumstances where the broker

22  asserts de facto control and dominance over the transaction or relationship.  As a matter of law, if a

23  broker-customer relationship exists, the broker owes an affirmative duty to use reasonable efforts to give

24

1    the customer information relevant to the affairs that have been entrusted to the broker.  This includes an

2    implied representation that the prices charged are reasonably related to the prices charged in an open

3    competitive market.

4           In order to convict for fraud based on a defendant's failure to disclose, the Government must

5    satisfy you beyond a reasonable doubt that a duty to disclose existed, whether that is a fiduciary duty or

6    a relationship of trust, de facto control, and dominance between a broker and a client.  If you find that

7    the Government has shown beyond a reasonable doubt that a fiduciary or similar relationship existed,

8    only then may you consider whether there was a breach of the duties incumbent upon the fiduciary.

9           **Materiality**

10           If you find that there was a false or misleading statement or an omission in accordance with the

11    foregoing instructions, you must next determine whether the false or misleading statement or omission

12    was material under the circumstances.  A material fact is one that would have been significant to a

13    reasonable investor's investment decision in a particular market.  We use the word "material" to

14    distinguish between the kinds of statements or information we care about and those that are of no real

15    importance.  Materiality of the information is judged as of the time the information was disclosed or

16    omitted.

17           I remind you that the question of whether a factual representation or omission is "material" is an

18    objective one, involving the significance of an omitted or misrepresented fact to a "reasonable investor."

19    Material information in this context is information that a reasonable person would have considered

20    important in making an investment decision in light of the total mix of information publicly available.

21    Proof of actual reliance on a statement by an investor is not required to show materiality.  Instead, it is

22    sufficient if the misrepresentation is one that is capable of influencing a reasonable person's decision

23    and is intended to do so.

1    In considering whether a statement or omission was material, you should consider whether a

2    person of ordinary intelligence would have considered the fact significant — not whether the material

3    misrepresentation or omission would have deceived a person of ordinary intelligence.  Once you find

4    that the offense involved the making of a material misrepresentation or omission of a material fact, it

5    does not matter whether any of the alleged victims involved were careless, gullible, or negligent because

6    the law protects the gullible and unsophisticated as well as the experienced investor.

7    Language in a contract may be relevant in considering whether a false or fraudulent statement or

8    representation outside the contract was material and whether a defendant acted with fraudulent intent.

9    You should consider all the information available to a reasonable investor to determine whether

10    cautionary language in a document would have prevented an investor from being misled.  But language

11    in a contract — including, for example, a disclaimer on reliance on prior statements — does not render a

12    false or fraudulent statement or representation made outside the contract immaterial as a matter of law.

13    **"In Connection With"**

14    As I explained, you must also find that the defendant you are considering participated in

15    fraudulent conduct that was "in connection with" a purchase or sale of securities.  The term "security" or

16    "securities" includes any stock or shares of a company, whether or not the company is publicly traded,

17    and includes interests in the nine StraightPath Funds.

18    You need not find that the defendant you are considering actually participated in any securities

19    transaction if that defendant was engaged in fraudulent conduct that was "in connection with" a

20    purchase or sale.  The "in connection with" aspect of this element is satisfied if you find that there was

21    some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities.

22    Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the

23    alleged fraudulent conduct "touched upon" a securities transaction.

1

2      Count Two — Second Element: Intent to Defraud

3           The second element that the Government must establish beyond a reasonable doubt with respect

4      to Count Two is that the defendant you are considering devised or participated in the fraudulent scheme

5      knowingly, willfully, and with specific intent to defraud.

6           To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud

7      means to associate oneself with it, with the intent to making it succeed.

8           "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

9           "Willfully" means to act voluntarily and with a wrongful purpose.

10          To act with the "intent to defraud" means to know of the fraudulent nature of the scheme and to

11     act with the intent that it succeed.  I previously instructed you on the meaning of fraud, and you should

12     follow those instructions here.  Intent to defraud, in the context of the securities laws, means to act

13     knowingly and with the intent to deceive.

14          The Government must establish beyond a reasonable doubt that the defendant you are

15     considering knew that his or her conduct was calculated to deceive and that he or she nevertheless

16     carried out the alleged fraudulent scheme.  The Government need not prove that the intended victim was

17     actually harmed.  The Government is also not required to prove that the defendant you are considering

18     realized any gain from the scheme, although you may consider any gain that a defendant realized in

19     determining whether that defendant participated in the scheme.  Moreover, the defendant you are

20     considering need not know that he or she was committing a specific legal violation, but must have an

21     awareness of the general wrongfulness of his or her conduct.

22          Because an essential element of fraud is the intent to defraud, it follows that good faith on the

23     part of a defendant defeats a charge of fraud.  False representations or statements, or omissions of

27

1    material facts, do not amount to a fraud unless done with fraudulent intent.  An honest belief in the truth

2    of the representation made by a defendant, however inaccurate the representation may turn out to be,

3    negates a charge of fraud.  The defendants have no burden to establish good faith.  The burden is on the

4    Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

5           In considering whether or not a defendant acted in good faith, you are instructed that a belief by

6    that defendant (if such belief existed) that ultimately everything would work out so that no investors

7    would lose any money or that particular investments would ultimately be financially advantageous for

8    investors does not mean the defendant acted in good faith.  No amount of honest belief on the part of a

9    defendant that a scheme will ultimately make a profit for investors will excuse knowingly fraudulent

10    actions or false representations by him or her.

11          Nor does it constitute good faith if a defendant deliberately made a representation that he or she

12    knew to be false, even if he or she reasonably believed that he or she was legally entitled to the money

13    or property received.  Moreover, a venture commenced in good faith may become fraudulent if it is

14    continued after an intent to defraud has been formed.  That is, good faith does not defeat a charge of

15    fraud if a defendant first made representations in good faith but later, after realizing the representations

16    were false, nevertheless deliberately continued to make them.

17          I remind you again that the defendants have no burden to establish good faith.  The burden is on

18    the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable

19    doubt.

20          Whether a person acted knowingly, willfully, and with intent to defraud are questions of fact for

21    you to determine, like any other fact question, based on your evaluation of the evidence.  Direct proof of

22    knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be

23    shown that a person wrote or stated that, as of a given time in the past, he or she committed an act with

1    fraudulent intent.  Such direct proof is not required.  Instead, the ultimate facts of knowledge and

2    criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's

3    words, his or her conduct, acts, and all the surrounding circumstances disclosed by the evidence and the

4    rational or logical inferences that may be drawn from them.

5

6    <u>Count Two — Third Element: Instrumentality of Interstate Commerce</u>

7    The third element that the Government must prove beyond a reasonable doubt with respect to

8    Count Two is that the defendant you are considering knowingly used or caused to be used an

9    instrumentality of interstate commerce or the mails or the facilities of a national security exchange in

10   furtherance of the scheme to defraud or the fraudulent conduct.

11   The term "mails" includes the U.S. Mail and Federal Express.  The term "instrumentalities of

12   interstate commerce" means instruments, devices, and means of conducting trade, commerce,

13   transportation, or communication among any two states.  Examples of instrumentalities of interstate

14   commerce include telephone calls, emails, or text messages, the wire transfer of money, or use of a

15   facility of a national securities exchange, such as a stock trade made on the Nasdaq or New York Stock

16   Exchange.

17   It is not necessary for the Government to prove the mails, an instrumentality of interstate

18   commerce, and a national securities exchange were used in furtherance of the fraudulent scheme.  Any

19   one — either the mails *or* an instrumentality of interstate commerce *or* the facilities of a national

20   securities exchange — is enough.  But you must be unanimous as to at least one.

21   In considering this element, it is not necessary for you to find that the defendant you are

22   considering was or would have been directly or personally involved in any mailing or the use of an

23   instrumentality of interstate commerce or of a national securities exchange.  If the conduct alleged

29

1   would naturally and probably result in the use of the mails or an instrumentality of interstate commerce

2   or of a national securities exchange, this element would be satisfied.  When one does an act with the

3   knowledge that use of interstate means of communication will follow in the ordinary course of business,

4   or where such use can reasonably be foreseen, even though not actually intended, then he or she causes

5   such means to be used.

6         Nor is it necessary that the items sent through the mails or communicated through an

7   instrumentality of interstate commerce or a national securities exchange did or would contain the

8   fraudulent material, or anything criminal or objectionable.  The matter mailed or communicated may be

9   entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

10        The use of the mails or instrumentality of interstate commerce need not be central to the

11   execution of the scheme or even be incidental to it.  All that is required is that the use of the mails or

12   instrumentality of interstate commerce or national securities exchange bear some relation to the object of

13   the scheme or fraudulent conduct.

14

15        <u>Count Three — Wire Fraud: Elements</u>

16        Count Three charges all three defendants with wire fraud.  Specifically, Count Three charges that

17   from at least in or about 2017 through in or about April 2022, the defendants made false and misleading

18   statements to investors about StraightPath's operations, the pricing and availability of StraightPath's

19   pre-IPO shares, and misappropriated investor funds.

20        For a defendant to be found guilty of Count Three, the Government must prove each of the

21   following three elements beyond a reasonable doubt:

22        *First*, that there was a scheme or artifice to defraud or to obtain money or property by materially

23   false and fraudulent pretenses, representations, or promises;

30

1       *Second*, that the defendant you are considering knowingly, willfully, and with the intent to

2    defraud, devised or participated in the scheme or artifice; and

3       *Third*, that an interstate or international wire communication was used in furtherance of the

4    scheme or artifice.

5       I will discuss each element in turn.

6

7       <u>Count Three — First Element: Existence of Scheme or Artifice</u>

8       The first element that the Government must prove beyond a reasonable doubt with respect to

9    Count Three is that there was a scheme or artifice to defraud or to obtain money or property by means of

10   false or fraudulent pretenses, representations, or promises.

11      I have already instructed about the meaning of "scheme," "artifice," and "defraud," and you

12   should apply those instructions here.  The scheme charged in Count Three is also alleged to have been

13   carried out in part by making false or misleading representations, promises, and statements.  I have

14   already instructed you about the meaning of false or misleading representations, promises, statements,

15   half-truths, and disclaimers, and you should apply those instructions here as well.

16      Additionally, as with Count Two, the failure to disclose information may also constitute a

17   fraudulent representation if a defendant was under a legal duty to make such a disclosure; the defendant

18   actually knew such disclosure was required to be made; and the defendant failed to make such disclosure

19   with the intent to defraud.  Again, you should refer to my instructions for Count Two with respect to

20   whether and when a duty to disclose exists.

21      As with Count Two, the false or fraudulent pretense, representation, promise, or omission must

22   relate to a "material" fact or matter.  I have already explained the meaning of the term "material" with

23   respect to Count Two, and you should apply those same instructions here.

1    In addition to proving that a pretense, representation, promise, or statement was false or

2    fraudulent and related to a material fact, in order to establish a scheme to defraud, the Government must

3    prove that the alleged scheme contemplated wrongly depriving another of money or property.  Money or

4    property may be obtained even when something else is simultaneously given in return.

5    The Government is not required to prove that the defendant you are considering personally

6    originated the scheme to defraud.  Nor is the Government required to prove that the scheme or artifice to

7    defraud actually succeeded — that is, the Government is not required to prove that the intended victim

8    suffered any loss or harm.  Although whether or not the scheme actually succeeded is not the question,

9    you may consider whether it succeeded in determining whether the scheme existed.

10    A scheme to defraud need not be shown by direct evidence, but may be established by all of the

11    circumstances and facts in the case.

12

13    <u>Count Three — Second Element: Knowledge and Intent to Defraud</u>

14    The second element that the Government must establish beyond a reasonable doubt with respect

15    to Count Three is that the defendant you are considering devised or participated in the fraudulent scheme

16    knowingly, willfully, and with specific intent to defraud.

17    To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud

18    means to associate oneself with it, with the intent to making it succeed.

19    It is not necessary for the government to establish that the defendant originated the scheme to

20    defraud.  It is sufficient if you find that there was a scheme to defraud, even if somebody else originated

21    it, and that the defendant, while aware of the existence of the scheme, knowingly participated in it.

22    It is also not required that the defendant have participated in or have had knowledge of all the

23    operations of the scheme.  The guilt of the defendant is not governed by the extent of his participation.

32

1    It is also not necessary that the defendant you are considering have participated in the scheme

2  from the beginning. A person who comes in at a later point with knowledge of the scheme's general

3  operation, although not necessarily all its details, and intentionally acts in a way to further the unlawful

4  goals, becomes a participant in the scheme.

5    I have already explained the meaning of the terms "knowingly," "willfully," and "intent to

6  defraud," and you should apply those instructions here.

7    As with Count Two, good faith on the part of a defendant is a complete defense to the charge of

8  wire fraud.  I previously instructed you on the meaning of "good faith," and you should apply those

9  instructions here.  I remind you, however, that a defendant has no burden to establish good faith.  The

10  burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a

11  reasonable doubt.  Further, if the defendant you are considering participated in the scheme to defraud,

12  then a belief by that defendant, if such belief existed, that ultimately everything would work out so that

13  no one would lose any money does not mean that the defendant acted in good faith.

14

15    Count Three — Third Element: Use of Interstate Wires

16    The third and final element that the Government must establish beyond a reasonable doubt with

17  respect to Count One is that an interstate wire (for example, a telephone call, email communication, text

18  message, or bank wire transfer) was used in furtherance of the scheme to defraud.

19    The "interstate" requirement means that the wire communication must pass between two or more

20  states.  This could include, for example, a telephone call between two different states, an email between

21  two different states, or a wire transfer between banks located in two different states.

22    To be in furtherance of the scheme, the wire communication must be incident to an essential part

23  of the scheme to defraud and must have been caused, directly or indirectly, by the defendant you are

33

1   considering.  It is not necessary for the defendant you are considering to be directly or personally

2   involved in any wire communication, as long as the communication is reasonably foreseeable in the

3   execution of the alleged scheme to defraud in which that defendant participated.  In this regard, it would

4   be sufficient to establish this element of the crime if the Government proved that the defendant you are

5   considering caused the wires to be used by others.  This does not mean that the defendant himself or

6   herself must have specifically authorized or directed others to execute a wire communication.  When a

7   person acts with knowledge that the use of wire facilities will follow in the ordinary course of business,

8   or where the use of wire facilities can reasonably be foreseen, even though not actually intended, then he

9   or she causes the wires to be used.  Furthermore, the requirement that an interstate wire facility was used

10  is satisfied even if a wire facility was used by a person with no knowledge of the fraudulent scheme,

11  including a victim of the alleged fraud, so long as the wire was in furtherance of the alleged scheme.

12      The use of a wire facility need not itself be fraudulent.  Stated another way, the material sent by

13  wire need not contain any fraudulent representation, or even any request for money.  It is sufficient if a

14  wire facility was used to further or assist in carrying out the scheme to defraud.

15      Only the use of a wire facility must be reasonably foreseeable, not its interstate

16  component.  Thus, if you find that the use of a wire facility was reasonably foreseeable, and an interstate

17  wire facility was actually used, then this element is satisfied even if it was not foreseeable that the wire

18  communication would cross state boundaries.

19

20      Count Four — Investment Adviser Fraud: Elements of the Offense

21      Count Four charges all three defendants with investment adviser fraud.  Specifically, Count Four

22  charges that from at least in or about 2017 through in or about April 2022, the defendants engaged in a

34

1    scheme to defraud their clients regarding StraightPath's operations and investments, and

2    misappropriated client funds for their own enrichment.

3        For a defendant to be found guilty of Count Four, the Government must prove each of the

4    following four elements beyond a reasonable doubt:

5        *First*, that the defendant you are considering was an investment adviser;

6        *Second*, that the defendant you are considering did any one or more of the following:

7        (a) employed a device, scheme, or artifice to defraud an actual or prospective investor advisory

8    client;

9        (b) engaged in a transaction, practice, or course of business which operated as a fraud and deceit

10   upon those investment advisory clients or prospective investment advisory clients; or

11       (c) engaged in an act, practice, and course of business that was fraudulent or deceptive;

12       *Third*, the defendant you are considering did whatever he or she did to satisfy the second element

13   knowingly, willfully, and with the intent to defraud an investor advisory client; and

14       *Fourth*, the defendant you are considering did whatever he or she did to satisfy the second

15   element by use of the mails or an instrumentality of interstate commerce.

16

17       <u>Count Four — First Element: Investment Adviser</u>

18       The first element the Government must prove beyond a reasonable doubt with respect to Count

19   Four is that the defendant you are considering was an investment adviser at the time he or she is alleged

20   to have committed investment adviser fraud.  An investment adviser means "any person who, for

21   compensation, engages in the business of advising others, either directly or through publications or

22   writings, as to the value of securities or as to the advisability of investing in, purchasing or selling

23   securities, or who, for compensation and as a part of a regular business, issues or promulgates analyses

1  or reports concerning securities."  But the definition of investment adviser does not include any broker

2  or dealer whose performance of such services is solely incidental to the conduct of his or her business as

3  a broker or dealer and who receives no special compensation for such services.

4       To determine whether a defendant was an investment adviser, you should primarily consider

5  three factors:

6       *First*, whether that defendant provided advice or was an adviser that issued reports or analyses

7  regarding securities;

8       *Second*, whether that defendant was in the business of providing such advice; and

9       *Third*, whether that defendant was provided compensation for such advice.

10      Keep in mind that whether a person or entity is an investment adviser is a different issue than

11  whether or not the person or entity was a registered investment adviser.  You are instructed that

12  registration with the United States Securities and Exchange Commission as an investment adviser is not

13  required for you to find that a defendant is an investment adviser for purposes of Count Four.

14

15  Count Four — Second Element: Fraudulent Act

16      The second element the Government must prove beyond a reasonable doubt with respect to

17  Count Four is that the defendant you are considering did any one or more of the following:

18      (a) employed a device, scheme, or artifice to defraud an actual or prospective investor-client;

19      (b) engaged in a transaction, practice, or course of business which operated as a fraud and deceit

20  upon those investor-clients or prospective investor-clients; or

21      (c) engaged in an act, practice, and course of business that was fraudulent or deceptive.

1    Any one of these types of alleged fraudulent conduct, if proven by the Government beyond a

2    reasonable doubt, is sufficient.  However, you must be in unanimous agreement as to which type of

3    unlawful conduct, if any, has been proved by the Government.

4    I instructed you on the meaning of "device," "scheme," "artifice to defraud," "fraud," and

5    "deceptive conduct" with respect to Count Two.  You should use those same instructions with respect to

6    Count Four, with the additional instructions I am about to give you.

7    I previously explained the concept of a "fiduciary duty" and that the failure to disclose material

8    information may constitute a fraud if the defendant you are considering had a fiduciary duty to make

9    such a disclosure and knowingly concealed that information.  For purposes of Count Four, I instruct you

10    that, as a matter of law, investment advisers have a fiduciary duty to their investment advisory clients.

11    That is, if you conclude that a defendant acted as an investment advisor, that defendant had an

12    affirmative duty of good faith, an affirmative duty to make full and fair disclosure of all material facts,

13    and an affirmative obligation to employ reasonable care to avoid misleading his or her clients.

14    An investment adviser's fiduciary duty, however, extends *only* to his or her client, not to the

15    general public.  Thus, if you decide that the defendant you are considering is an investment adviser, it

16    will also be up to you to determine who that defendant's "client" or "clients" were.  An investment

17    adviser to a fund owes a fiduciary duty to the fund itself.  In some circumstances, an investor in a fund

18    may qualify as a client of the fund's investor adviser as well.  In deciding whether an investor in a fund

19    is a client of the fund's investment adviser, you should consider whether the investor received

20    investment advice directly from the adviser, whether the adviser played an active role with respect to the

21    investor, and whether the adviser was attuned to an individual investor' concerns.

1    Whether or not investors qualify as an investment adviser's "clients," investment advisers are

2    prohibited from making false or misleading statements to investors or prospective investors in funds

3    they advise and cannot defraud investors or prospective investors in those funds.

4

5    Count Four — Third Element: Knowledge, Intent, and Willfulness

6    The third element the Government must prove beyond a reasonable doubt with respect to Count

7    Four is that the defendant you are considering did whatever he or she did to satisfy the second element

8    knowingly, willfully, and with the specific intent to defraud. I have already explained the meaning of

9    the terms "willfully," "knowingly," and "intent to defraud," and you should apply those instructions

10   here. As with the earlier counts, let me advise you that since an essential element of the crime charged

11   is intent to defraud, it follows that "good faith," as I have defined before, on the part of a defendant is

12   also a complete defense to a charge of investment adviser fraud.

13

14   Count Four — Fourth Element: Interstate Nexus

15   The fourth element the Government must prove beyond a reasonable doubt with respect to Count

16   Four is that the defendant you are considering did whatever he or she did to satisfy the second element

17   by using the mails or an instrumentality of interstate commerce, such as interstate telephone or wire

18   communications. I previously discussed the meaning of the terms "mails" and "instrumentality of

19   interstate commerce," and you should apply those instructions here too.

20

21   Count Six — Obstruction of Justice: Elements

22   The last of the substantive charges, Count Six, charges two of the defendants — Mr. Castillero

23   and Mr. Martinsen — with obstructing justice. Specifically, it charges that, in or about May 2021, these

38

1    defendants obstructed the SEC's investigation into StraightPath by deleting email accounts subpoenaed

2    by the SEC and falsely representing to the SEC that such email accounts had never existed.

3           For a defendant to be found guilty of Count Six, the Government must prove each of the

4    following two elements beyond a reasonable doubt:

5           *First*, that the defendant you are considering knowingly altered, destroyed, or caused to be

6    altered or destroyed, a record or document; and

7           *Second*, that the defendant you are considering acted with the intent to impede, obstruct, or

8    influence an investigation of a matter within the jurisdiction of an agency of the United States, or in

9    relation to or contemplation of any such matter or case.

10

11           Count Six — First Element: Alteration or Destruction of a Record or Document

12           The first element that the Government must prove beyond a reasonable doubt with respect to

13    Count Six is that the defendant you are considering knowingly altered, destroyed, or caused to be altered

14    or destroyed, a record or document.  I have previously instructed you on the meaning of "knowingly,"

15    and you should apply that definition here.

16

17           Count Six — Second Element: Intent to Obstruct

18           The second element that the Government must establish beyond a reasonable doubt with respect

19    to Count Six is that the defendant you are considering intended to impede, obstruct, or influence an

20    investigation or matter that falls within the jurisdiction of a department or agency of the federal

21    government.  I instruct you that the United States Securities and Exchange Commission, or SEC, is an

22    agency of the federal government.

1    Although the Government must prove that the defendant you are considering intended to impede,

2    obstruct, or influence an investigation, it need not prove that a federal investigation was ongoing or

3    imminent at the time that defendant acted or that he was aware that his conduct would impede, obstruct,

4    or influence an investigation that was federal in nature. The Government is required to prove only that

5    the defendant you are considering acted in contemplation of a potential investigation.

6

7    <u>Aiding and Abetting Liability</u>

8    Finally, in addition to charging the defendants with the substantive crimes of securities fraud,

9    wire fraud, investment adviser fraud, and obstruction of justice, Counts Two, Three, Four, and Six also

10    charge the defendants charged in those counts with what is called aiding and abetting.

11    Aiding and abetting liability is its own theory of criminal liability. In effect, it is a theory of

12    liability that permits a person to be guilty of a specified crime if that person, while not committing the

13    crime, assisted another person or persons in committing the crime. In other words, as to the relevant

14    predicate acts and crimes, a person can be guilty if he or she committed the crime himself or aided and

15    abetted the commission of the crime by one or more other people. For example, if the Government

16    proves beyond a reasonable doubt that a defendant committed the substantive securities fraud alleged in

17    Count Two, then you need not consider aiding and abetting with respect to that count. If, however, you

18    find that the Government did not prove beyond a reasonable doubt that a defendant engaged in the

19    securities fraud charged in Count Two, to continue using that count as an example, you should consider

20    whether the Government has nonetheless proved beyond a reasonable doubt that that defendant aided

21    and abetted someone else in the commission of securities fraud as alleged in that count. And again,

22    while I have used Count Two as an example, this concept of aiding and abetting is also alleged in

23    Counts Three, Four, and Six as to the defendants charged in each of those counts.

40

1       Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces

2   or procures" the commission of an offense is punishable as a principal.  You should give these words

3   their ordinary meaning.  A person aids or abets a crime if he or she knowingly does some act for the

4   purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime

5   charged to be committed.  To "counsel" means to give advice or recommend.  To "induce" means to

6   lead or move by persuasion or influence as to some action or state of mind.  To "procure" means to

7   bring about by unscrupulous or indirect means.

8       A person who aids and abets another to commit an offense is just as guilty as if he or she

9   committed it himself.  As you can see, the first requirement is that the crime charged was actually

10  committed.  Obviously, no one can be guilty of aiding and abetting the criminal acts of another if no

11  crime was committed by the other person.  But if a crime was committed, then you may consider

12  whether the defendant you are considering or another person aided or abetted the commission of the

13  crime.

14      To aid and abet another in the commission of a crime, it is necessary that a person acted with the

15  same criminal intent necessary for the principal to be guilty, willfully and knowingly associated him or

16  herself in some way with the crime, and willfully and knowingly sought by some act to help make the

17  crime succeed.  Participation in a crime is willful if action is taken voluntarily and intentionally.

18      The mere presence of a person where a crime is being committed, even coupled with knowledge

19  by the person that a crime is being committed, or the mere acquiescence by that person in the criminal

20  conduct of others, even with guilty knowledge, is insufficient to establish aiding and abetting.

21      The Government must prove that an aider and abettor took some conscious action that furthered

22  the commission of the crime and that he or she did so with the intent to bring about the crime.  To

23  determine whether a person aided and abetted a crime, ask yourself:

41

1.  Did the person participate in the crime charged as something he or she wished to bring about?

2.  Did the person associate him or herself with the criminal venture knowingly and willfully?

3.  Did the person seek by his or her actions to make the criminal venture succeed?

If, but only if, the Government proves beyond a reasonable doubt that the answer to all three of these questions is "yes," then a person is an aider and abettor, and therefore guilty of the offense.

A person can also be found guilty of a crime if he "willfully caused" another person to commit the crime. I previously instructed you on the meaning of "willfully," and you should apply those instructions here. To "cause" means to bring something about, to effect something. So "willfully caused" means that it is not necessary for the person himself to have physically committed the crime to be guilty of that crime.

To determine whether a person "willfully caused" the commission of a substantive crime, ask yourself:

1.  Did the person intentionally take action that caused someone else to commit an act that would have been a crime if the person him or herself had committed that act?

2.  Did the person intend that the crime would actually be committed by someone else?

If the Government proves beyond a reasonable doubt that the answer to both of these questions is "yes," then the person willfully caused another to commit the crime at issue, and he or she is therefore guilty of the offense as if the person him or herself had physically committed it. The Government need not prove that the person acted through an intermediary who was guilty of a crime. A person who willfully caused another to commit a crime may be found guilty of that crime even if he or she acted through someone who is entirely innocent of the crime.

42

1      <u>Counts One and Five — The Conspiracy Charges: Elements</u>

2      That completes my instructions as to Counts Two, Three, Four, and Six, the substantive counts.

3      Let me turn, then, to the conspiracy charges, Counts One and Five.

4      Count One charges that from at least in or about 2017 through in or about April 2022, all three

5      defendants conspired to commit securities fraud, wire fraud, and investment adviser fraud.

6      Count Five charges that, in or about May 2021, two of the defendants — Mr. Castillero and Mr.

7      Martinsen — conspired to obstruct justice.

8      For a defendant to be found guilty of Count One or Count Five, the Government must prove each

9      of the following three elements beyond a reasonable doubt:

10      *First*, that the conspiracy charged in the Count you are considering existed;

11      *Second*, that the defendant you are considering knowingly and intentionally became a member of

12      the conspiracy, with intent to commit at least one of the goals or objects of the conspiracy; and

13      *Third*, that any one of the members of the conspiracy knowingly committed at least one overt act

14      in furtherance of the conspiracy.

15      I will now explain each element in more detail.

16

17      <u>Counts One and Five — First Element: Existence of the Conspiracy</u>

18      The first element the Government must prove beyond a reasonable doubt with respect to Counts

19      One and Five is the existence of the conspiracy charged in the count you are considering.

20      So, what is a conspiracy?  A conspiracy is an agreement or an understanding, between two or

21      more persons, to accomplish by joint action a criminal or unlawful purpose.  If you find beyond a

22      reasonable doubt that two or more persons came to an understanding, explicitly or implicitly (that is,

1    spoken or unspoken), to violate the law and to accomplish an unlawful plan, then the Government will

2    have sustained its burden of proof as to this element.

3        To satisfy its burden of proof on this element, the Government is not required to show that two

4    or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they

5    had formed a conspiracy and spelling out who would do what in order to carry out the unlawful project.

6    Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left

7    to unexpressed understanding.  In determining whether a conspiracy existed, you may consider direct as

8    well as circumstantial evidence.

9        When people enter into a conspiracy to accomplish an unlawful end, they become agents and

10   partners of one another in carrying out the conspiracy.  In determining whether there has been an

11   unlawful agreement as alleged, you may consider the acts and conduct of the alleged co-conspirators

12   that were done to carry out the apparent criminal purpose.  The old adage, "Actions speak louder than

13   words," applies here.  Often, the only evidence that is available with respect to the existence of a

14   conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.

15   When taken together and considered as a whole, however, these acts and conduct may warrant the

16   inference that a conspiracy existed as conclusively as would direct proof.

17       The objects — or objectives — of a conspiracy are the illegal goals the co-conspirators agree

18   upon or hope to achieve.  As I have mentioned, there are three objects of the conspiracy charged in

19   Count One of the Indictment — first, securities fraud; second, wire fraud; and third, investment adviser

20   fraud.  In order to prove that a defendant is guilty of the conspiracy offense charged in Count One, the

21   Government must establish beyond a reasonable doubt that the defendant you are considering agreed

22   with others to commit one or more of these offenses.  The Government does not need to prove that the

44

1  conspirators agreed to all three objects of the conspiracy.  To convict, however, you must be unanimous

2  as to at least one type of unlawful conduct that was the object of the conspiracy joined by the defendant.

3       The sole object of the conspiracy with which Mr. Castillero and Mr. Martinsen are charged in

4  Count Five is obstruction of justice.  Accordingly, in order to prove that a defendant is guilty of the

5  conspiracy offense charged in Count Five, the Government must establish beyond a reasonable doubt

6  that the defendant you are considering agreed with others to obstruct justice.

7       I have already explained these substantive crimes to you, and you should apply those instructions

8  here to determine whether the defendant you are considering conspired, or agreed, to commit any of

9  those crimes.

10

11       <u>Counts One and Five — Second Element: Membership in the Conspiracy</u>

12       The second element the Government must prove beyond a reasonable doubt with respect to

13  Counts One and Five is that the defendant you are considering knowingly and willfully became a

14  member of the conspiracy you are considering — that is, that that defendant participated in the

15  conspiracy with knowledge of its unlawful purpose or purposes and in furtherance of its unlawful

16  objective or objectives.

17       The Government must prove beyond a reasonable doubt that the defendant you are considering

18  knowingly and willfully entered into the conspiracy with a criminal intent — that is, with an unlawful

19  purpose — and that he or she agreed to take part in the conspiracy with knowledge of its unlawful

20  purpose or purposes and with the specific intention of furthering its objective or objectives.

21       I have already explained the meaning of the terms "willfully" and "knowingly," and you should

22  apply those instructions here.

45

1    It is not necessary for the Government to show that a defendant was fully informed as to all the

2    details of the conspiracy in order for you to infer knowledge on his or her part. To have guilty

3    knowledge, a defendant need not have known the full extent of the conspiracy, or all of the activities of

4    all its participants. It is not even necessary that a defendant knew every other member of the conspiracy.

5    When people enter into a conspiracy to accomplish an unlawful end, they become agents or

6    partners of one another in carrying out the conspiracy. In determining the factual issues before you, you

7    may, but are not required to, take into account any acts or statements made by a defendant's co-

8    conspirators (if any), which were made during, in the course of, and in furtherance of the conspiracy,

9    even though such acts or statements were not made in the presence of that defendant or were made

10   without his or her knowledge. Acts or statements made in furtherance of the common purpose of the

11   conspiracy are deemed, under the law, to be the acts or statements of all of the members, and all of the

12   members are responsible for such acts or statements.

13   Indeed, each member of a conspiracy may perform separate and distinct acts and may perform

14   them at different times. Some conspirators may play major roles, while others play minor roles. An

15   equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant

16   within the scope of the conspiracy.

17   Nor is it necessary that a defendant received any monetary benefit from his participation in the

18   conspiracy, or had a financial stake in the outcome, so long as he or she in fact joined in the conspiracy

19   in the manner I have explained.

20   Keep in mind, however, that a person may know, assemble with, associate with, or be friendly

21   with, one or more members of a conspiracy, without being a conspirator him or herself. Mere similarity

22   of conduct or the fact that a defendant may have discussed common aims and interests does not

23   necessarily establish proof of the existence of a conspiracy or that defendant's membership in the

46

1   conspiracy.  I also want to caution you that mere knowledge or acquiescence, without participation, in

2   the unlawful plan is not sufficient.

3        Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further

4   the purposes or objectives of the conspiracy, does not make that defendant a member of the conspiracy.

5   More is required under the law.  What is necessary is that the defendant must have participated with

6   knowledge of at least some of the illegal purposes or objects of the conspiracy and with the intention of

7   aiding in the accomplishment of those unlawful ends.

8        The duration and extent of a defendant's participation has no bearing on the issue of that

9   defendant's guilt.  He or she need not have joined the conspiracy at the outset, and may have joined it at

10  any time in its progress.

11       Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished

12  or there is some affirmative act of termination by the members.  So too, once a person is found to be a

13  member of a conspiracy, he or she is presumed to continue as a member in the conspiracy until the

14  conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and

15  disassociated him or herself from the conspiracy.

16       In sum, you must find beyond a reasonable doubt that the defendant you are considering, with

17  an understanding of the unlawful character of the conspiracy you are considering, intentionally engaged,

18  advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking.  He or she

19  thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a

20  conspirator.

21

47

1        Counts One and Five — Third Element: Overt Act

2            The third element the Government must prove beyond a reasonable doubt with respect to Counts

3    One and Five is that at least one overt act was committed in furtherance of the conspiracy that you are

4    considering by at least one of the co-conspirators — not necessarily any of the defendants.

5            That means there must have been something more than mere agreement; some overt step or

6    action must have been taken by at least one of the conspirators in furtherance of the conspiracy you are

7    considering.  To put it another way, the agreement must have gone beyond merely talking.

8            You need not reach unanimous agreement on whether a particular overt act was committed in

9    furtherance of the conspiracy you are considering.  But to find this element, you must all agree that at

10    least one overt act was committed.  Moreover, you need not find that a defendant in this case committed

11    the overt act him or herself.  It is sufficient for the Government to show that any conspirator knowingly

12    committed an overt act in furtherance of the conspiracy you are considering, since such an act becomes,

13    in the eyes of the law, the act of all of the members of the conspiracy.

14            In addition, you should bear in mind that the overt act, standing alone, may be an innocent,

15    lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in

16    carrying out, promoting, aiding, or assisting a conspiracy.  You are therefore instructed that the overt act

17    does not have to be an act that in and of itself is criminal or an objective of the conspiracy.

18

19        Multiple Conspiracies

20            With respect to Count One, which charges all three defendants with conspiracy to commit

21    securities fraud, wire fraud, and investment adviser fraud, the defendants argue that there were actually

22    several separate and independent conspiracies with various groups of members.

48

1    Whether there existed a single unlawful agreement, or many such agreements, or indeed, no

2    agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I

3    just gave you.

4    When two or more people join together to further one common unlawful design or purpose, a

5    single conspiracy exists.  By way of contrast, multiple conspiracies exist when there are separate

6    unlawful agreements to achieve distinct purposes.

7    Proof of several separate and independent conspiracies is not proof of the single, overall

8    conspiracy charged in Count One unless one of the conspiracies proved happens to be the single

9    conspiracy described in that Count.

10    You may find that there was a single conspiracy despite the fact that there were changes in

11    personnel, activities, or both, so long as you find beyond a reasonable doubt that some of the co-

12    conspirators continued to act for the duration of the conspiracy for the purposes charged in Count One.

13    The fact that the members of a conspiracy are not always identical does not necessarily imply that

14    separate conspiracies exist.  In addition, the existence of subgroups or subunits within a larger

15    conspiracy does not necessarily mean that the larger conspiracy does not exist.

16    On the other hand, if you find that the conspiracy charged in Count One did not exist, you cannot

17    find any defendant guilty of the single conspiracy charged in Count One.  This is so even if you find that

18    some conspiracy other than the one charged in Count One existed, even though the purposes of both

19    conspiracies may have been the same, and even though there may have been some overlap in

20    membership.

21    Similarly, if you find that the defendant you are considering was a member of another

22    conspiracy, and not the one charged in Count One, then you must acquit that defendant of the conspiracy

1  charged in Count One.  A person can be part of more than one conspiracy at the same time, and his or

2  her actions can further the interests of more than one conspiracy at the same time.

3       Therefore, what you must do is determine whether the conspiracy charged in Count One existed.

4  If it did, you then must determine the nature of the conspiracy and who were its members.

5

6       Venue

7       In addition to all of the elements that I have described for you, in order to convict a defendant on

8  any count of the Indictment, you must also decide whether any act in furtherance of the crime charged

9  occurred within the Southern District of New York.  The Southern District of New York includes

10  Manhattan and the Bronx.

11      The Government need not prove that the crime charged was committed entirely in this District or

12  that the defendant you are considering was present here.  It is sufficient to establish venue if any act in

13  furtherance of the crime occurred within the Southern District of New York and it was reasonably

14  foreseeable to the defendant you are considering that the act would take place in the Southern District of

15  New York.  Any action in this District or any communication into or out of this District can establish

16  venue so long as the action or communication furthered the charged offense.  If you find that the crime

17  charged was committed in more than one district, venue is proper in any district in which the crime was

18  begun, continued, or completed.

19      I should note that on this issue — and this issue alone — the Government's burden is not proof

20  beyond a reasonable doubt, but only proof by a preponderance of the evidence.  Thus, the Government

21  has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act

22  in furtherance of the crime charged in that count occurred in the Southern District of New York.  By

1    contrast, if you find that the Government failed to prove venue by a preponderance of the evidence with

2    regard to any count, then you must acquit the defendant you are considering of that count.

3

4    Variance of Dates and Amounts

5    The Indictment refers to various dates and amounts.  I instruct you that it does not matter if a

6    specific event is alleged to have occurred on or about a certain date or month, but the evidence indicates

7    that in fact it was a different date or month.  Nor does it matter if the Indictment alleges that a

8    transaction involved a specific number of shares or amount of money, but the evidence indicates that it

9    was a different amount.  The law requires only a substantial similarity between the dates, months, and

10   amounts alleged in the Indictment and the dates, months, and amounts established by the evidence.

11

12

13                              **III. CONCLUDING INSTRUCTIONS**

14   Selection of the Foreperson

15   In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first

16   task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror

17   but is the person who will communicate with me when questions arise and when you have reached a

18   verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should

19   be signed by the foreperson and should include the date and time they were sent.  They should also be as

20   clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So

21   please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else

22   how the jury stands on any issue until after a unanimous verdict is reached.

23

1      <u>Right to See Exhibits and Hear Testimony</u>

2      All of the exhibits will be given to you near the start of deliberations.  In addition, you will also

3      be provided with a list of all the exhibits that were received into evidence.

4      If you want any of the testimony submitted to you or read back to you, you may also request that.

5      Keep in mind that if you ask for testimony, however, the court reporters must search through their notes,

6      the parties must agree on what portions of testimony may be called for, and if they disagree, I must

7      resolve those disagreements.  That can be a time-consuming process.  So please try to be as specific as

8      you possibly can in requesting portions of the testimony, if you do.

9      Again, your requests for testimony — in fact, any communication with the Court — should be

10     made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

11     Security Officers.

12

13     <u>Juror Note-Taking</u>

14     If any one of you took notes during the course of the trial, you should not show your notes to, or

15     discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

16     used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

17     greater weight than those of any other juror.  Finally, your notes are not to substitute for your

18     recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

19     the testimony, you may — as I just told you — request that the official trial transcript that has been

20     made of these proceedings be submitted or read back to you.

21

52

1    Bias, Prejudice, and Sympathy

2    All of us, no matter how hard we try, tend to look at others and weigh what they have to say

3    through the lens of our own experience and background.  We each have a tendency to stereotype others

4    and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

5    that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

6    all litigants and witnesses are entitled to a level playing field.

7    In particular, it would be improper for you to consider, in reaching your decision as to whether

8    the Government sustained its burden of proof, any personal feelings you may have about the defendants'

9    race, religion, national origin, gender, sexual orientation, or age.  Similarly, it would be improper for

10    you to consider any personal feelings you may have about the race, religion, national origin, gender,

11    sexual orientation, or age of any witness or anyone else involved in this case.

12    Indeed, under your oath as jurors, you are not to be swayed by bias, prejudice, or sympathy.  You

13    are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial

14    question that you must ask yourselves for each count is:  Has the Government proved each element of

15    each count beyond a reasonable doubt?

16    It is for you and you alone to decide whether the Government has sustained its burden of proving

17    each defendant's guilt beyond a reasonable doubt, solely on the basis of the evidence or lack of evidence

18    and subject to the law as I have instructed you.

19    It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

20    there is a risk that you will not arrive at a true and just verdict.

21    If you have a reasonable doubt as to a defendant's guilt with respect to a particular count, then

22    you must render a verdict of not guilty as to that defendant on that count.  On the other hand, if you

23    should find that the Government has met its burden of proving the guilt of a defendant beyond a

53

1    reasonable doubt with respect to a particular count, then you should not hesitate because of sympathy or

2    any other reason to render a verdict of guilty as to that defendant on that count.

3        I also caution you that, under your oath as jurors, you cannot allow to enter into your

4    deliberations any consideration of the punishment that may be imposed upon a defendant if he or she is

5    convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

6    and the issue of punishment may not affect your deliberations as to whether the Government has proved

7    a defendant's guilt beyond a reasonable doubt.

8

9        <u>Duty to Deliberate</u>

10       The most important part of this case, members of the jury, is the part that you as jurors are now

11   about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

12   presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

13   would well and truly try the issues joined in this case and a true verdict render.

14       As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

15   to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

16   the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

17   fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

18   hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

19   honest beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

20       Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

21   you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

22   any time during your deliberations.

23

1        Return of the Verdict

2        We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

3    attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

4    will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

5    foreperson has been selected.

6        You should draw no inference from the questions on the Verdict Form as to what your verdict

7    should be.  The questions are not to be taken as any indication that I have any opinion as to how they

8    should be answered.

9        After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

10   and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **not** the

11   Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

12   verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

13   Verdict Form and hand it to me in open court when I ask for it.

14       I will stress again that each of you must be in agreement with the verdict that is announced in

15   court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily be

16   revoked.

17

18       Closing Comments

19       Finally, I say this, not because I think it is necessary, but because it is the custom in this

20   courthouse to say it:  You should treat each other with courtesy and respect during your deliberations.

21       All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

22   litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

23   to see that justice is done.

1    Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You should be

2    guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to

3    the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict

4    on the basis of the evidence or lack of evidence.  If you let sympathy or prejudice interfere with your

5    clear thinking, there is a risk that you will not arrive at a just verdict.  You must make a fair and

6    impartial decision so that you will arrive at the just verdict.

7    Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

8    spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

9    patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

10    the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                               :

UNITED STATES OF AMERICA,               :

                                               :

      -v-                             :          23-CR-622 (JMF)

                                               :

MICHAEL CASTILLERO, a/k/a "Michael Alejandro,"  :

FRANCINE LANAIA,                :         <u>VERDICT FORM</u>

and BRIAN MARTINSEN,             :

                                             :

                       Defendants.     :

                                           :

------------------------------------------------------------------X

*All Answers Must Be Unanimous*

<u>**Count One**</u>**: Conspiracy to Commit Securities Fraud, Wire Fraud, and Investment Adviser Fraud:**

      **Michael Castillero**

                Guilty _____            Not Guilty _____

      **Francine Lanaia**

                Guilty _____            Not Guilty _____

      **Brian Martinsen**

                Guilty _____            Not Guilty _____

<u>**Count Two**</u>**: Securities Fraud**

      **Michael Castillero**

                Guilty _____            Not Guilty _____

      **Francine Lanaia**

                Guilty _____            Not Guilty _____

      **Brian Martinsen**

                Guilty _____            Not Guilty _____

**Count Three: Wire Fraud**

    **Michael Castillero**

        Guilty _____        Not Guilty _____

    **Francine Lanaia**

        Guilty _____        Not Guilty _____

    **Brian Martinsen**

        Guilty _____        Not Guilty _____

**Count Four: Investment Adviser Fraud**

    **Michael Castillero**

        Guilty _____        Not Guilty _____

    **Francine Lanaia**

        Guilty _____        Not Guilty _____

    **Brian Martinsen**

        Guilty _____        Not Guilty _____

**Count Five: Conspiracy to Obstruct Justice**

    **Michael Castillero**

        Guilty _____        Not Guilty _____

    **Brian Martinsen**

        Guilty _____        Not Guilty _____

**Count Six: Obstruction of Justice**

> **Michael Castillero**
>
> > Guilty _____          Not Guilty _____
>
> **Brian Martinsen**
>
> > Guilty _____          Not Guilty _____

*After completing the Verdict Form, please sign your names below and fill in the date and time.*

_____          _____

Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date and Time:    _____

*Once you have signed the Verdict Form, please give a note — **NOT** the Verdict Form itself —
to the Court Security Officer stating that you have reached a verdict.  The foreperson should retain the
official Verdict Form to be handed to the Judge in open court.*

3