

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

May 11, 2026

**BY ECF AND EMAIL**

The Honorable Jesse M. Furman
U.S. District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Castillero, et al.*, **23 Cr. 622 (JMF)**

Dear Judge Furman:

The Government respectfully writes to provide the Court with a letter brief regarding forfeiture, in advance of the continued sentencing scheduled for May 20, 2026. With respect to defendants Martinsen and Lanaia, the Government's understanding is that neither defendant objects to the Government's position that the Specific Property listed in each proposed preliminary order of forfeiture represents proceeds traceable to their offenses. Accordingly, the Court should so order the enclosed revised preliminary orders of forfeiture for each defendant.

With respect to defendant Castillero, the parties have not reached an agreement on the Specific Property included in the Government's revised preliminary order of forfeiture, which is also enclosed.[1] The Government respectfully submits that, based on the trial evidence and the accompanying affidavit of Postal Inspector Christina Merkos, there is a sufficient basis for the Court to enter the proposed order against Castillero. The Court should order Castillero to forfeit the proceeds he obtained during the course of the StraightPath fraud.

For the offenses charged in Counts One through Four of the Indictment, the relevant statutes require forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable" to the offense. Specifically, Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture any such property traceable "to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." *See also* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) (providing for forfeiture "as part of the sentence in [a] criminal case" for any violation for which civil or criminal forfeiture is authorized). Section 1956(c)(7) includes, as "specified unlawful activity," "any act or

---

[1] The revised Castillero order removes the "Approximately $2,100,000 in United States currency currently held in the Securities and Exchange Commission's court-appointed receiver escrow account representing the proceeds of the sale of the real property located at 4083 Old Saint Lucie Boulevard, Stuart, Florida 34996," which the Government understand was already factored into the Receiver's disbursements to Investors.

activity constituting an offense listed in section 1961(1)." Section 1961(1), in turn, defines racketeering offenses to include "fraud in the sale of securities" and violations of 18 U.S.C. § 1343, relating to "wire fraud." Accordingly, violations of 15 U.S.C. § 78j(b), which concerns fraud in the purchase and sale of securities, and 18 U.S.C. § 1343, which concerns wire fraud, are both "specified unlawful activity," the proceeds of which are subject to criminal forfeiture.

Rule 32.2 of the Federal Rules of Criminal Procedure provides that "if the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). It is sufficient for the Government to make that showing based on the trial record and based on supplemental evidence submitted in the form of an affidavit. *See, e.g.*, *United States v. Feng Li*, 630 F. App'x 29, 35-36 (2d Cir. 2015).

Here, with respect to Castillero, the trial evidence showed, consistent with the Court's order on the money judgment Castillero owes, that Castillero obtained at least approximately $24 million as a result of the StraightPath Fraud, from in or about May 2018 through in or about February 2022 (GX 1048 at 3). Moreover, as set forth in the affidavit of Inspector Merkos, Castillero had no other sources of legitimate income. Indeed, the trial evidence also showed that, prior to embarking on the StraightPath fraud, Castillero was broke and was borrowing money from Martinsen. (*E.g.*, GX 202-1 through GX 202-5). Moreover, as Andrew Trilling testified, based on his tracing analysis, Castillero used the tens of millions he obtained from StraightPath to purchase sports cars, jewelry, and real estate. (GX 1048 at 4-28). Accordingly, assets Castillero acquired during this time period can be presumed to have been obtained using, and to be traceable to, the fraud proceeds. *See United States v. Green*, 516 F. App'x 113, 135 (3d Cir. 2013) (affirming forfeiture of car purchased during time period of fraud offense based on evidence that defendant had no other income during the relevant time period).

The affidavit of Inspector Merkos further confirms that, based on her analysis of Castillero's bank records and corresponding transaction and property records, Castillero acquired each of the Specific Property items listed in a. through ww. using proceeds of the StraightPath fraud. The Specific Property items can be broken down into three categories:

*First*, real property. Inspector Merkos's analysis shows that, consistent with Trilling's testimony, Castillero used millions of dollars in StraightPath money to acquire, pay down mortgages, or make improvements to the six properties listed in the proposed forfeiture order. *See United States v. Kaufman*, No. 21-2589, 2023 WL 1871669, at *6 (2d Cir. Feb. 10, 2023).

*Second*, automobiles. The trial evidence showed that Castillero used over $2 million in StraightPath money to acquire many luxury vehicles, which the Government understands he no longer owns, including a Rolls Royce and a Bentley Bentayga. (GX 1048 at 6). Inspector Merkos's analysis, based on subpoena returns from the car dealer, shows that Castillero traded in a Rolls Royce and a Bentley Bentayga and used the trade-in value to acquire the 2021 Cadillac Escalade and 2022 Land Rover listed in the proposed forfeiture order. Those automobiles are therefore also traceable to the fraud proceeds.

*Third*, jewelry and other luxury items. Again, Inspector Merkos's analysis shows that Castillero used StraightPath money to acquire the items listed in the proposed forfeiture order at g. to uu.

Accordingly, the Government submits the requisite nexus has been proven and the Court should so order the proposed preliminary order of forfeiture as to Castillero.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

By: _____
Allison Nichols
Adam S. Hobson
Matthew R. Shahabian
Assistant United States Attorneys
Southern District of New York
(212) 637- 2366 / 2484 / 1046

Cc: Counsel of record (by ECF and email)

Enclosures