UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL CASTILLERO et al.,<br><br>Defendants. | 23 Cr. 622 (JMF) |

**DECLARATION OF CHRISTINA MERKOS**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am a United States Postal Inspector with the United States Postal Inspection Service ("USPIS") and have been since 2019. During my tenure with the USPIS, I have participated in numerous financial fraud investigations and have participated in all aspects of investigations, including surveillance, executing search warrants, interviewing witnesses and analyzing financial records. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities and criminal proceeds from detection by law enforcement.

2. Because this Declaration is being submitted for a limited purpose, namely in support of the Government's preliminary order of forfeiture against defendant Michael Castillero, it does not include all the facts concerning the investigation of the defendant.

3. I personally participated in the prosecution of defendant Castillero and know that, on or about November 4, 2025, a jury sitting in this District convicted Castillero of securities fraud, investment adviser fraud, wire fraud, and conspiracy to commit the same as a result of his operation of the StraightPath funds.

1

4.      StraightPath launched its operations in the fall of 2017 and ceased operating when the Court-appointed Receiver took over the fund in June 2022.  Over that time period, Castillero maintained multiple bank accounts in his name, in the name of his corporation, Charee Corp., and jointly with his wife, Nikki Mazzola at J.P. Morgan Chase, Bank of America, and Wells Fargo Bank.  Based on my review of Castillero's bank records, StraightPath deposited money into Castillero's Charee Corp. bank accounts at J.P. Morgan Chase and Wells Fargo (the "Charee Bank Accounts") regularly from 2017 through 2022, for a total of approximately $24,279,516 in income from StraightPath. Over the same time period, I do not see any other regular deposits into Castillero's bank accounts that would suggest that either he or his wife had income other than from StraightPath. Nor am I aware of any other sources of legitimate income other than StraightPath proceeds that Castillero could have accessed during the relevant timeframe to fund purchases. I therefore believe that any assets Castillero obtained during the relevant time frame were obtained using, or are traceable to, the fraud proceeds. In short, based on my participation in this investigation and trial, my review of bank records, invoices, emails, business records and interviews of witnesses, I have concluded that each of the items listed in the "Specific Property" section of the proposed preliminary order of forfeiture against Castillero, attached here as Exhibit A, are traceable to the proceeds of the offenses of which Castillero was convicted.

5.      With respect to the real property items (items a. through f.), I have learned the following, in substance and in part:

a.    1772 NE Ocean Boulevard, Stuart, Florida: Based on my review of records provided by Twohey & Shankman, a real estate law firm located in Florida, I have learned that on or about November 18, 2021, Castillero paid approximately $5.14 million from the Charee Bank Account to Twohey to close on his purchase of the property located at 1772 NE Ocean Boulevard,

2

Stuart, Florida. Based on my review of court records in *SEC v. StraightPath et al.*, 22 Civ. 3897 (LAK) (S.DN.Y.), I have learned that Castillero later sold that property and agreed with the SEC to keep the proceeds of the sale, approximately $2.75 million, in escrow at UMB Bank pending resolution of the civil action.

b.  <u>24 Haywood Street, Staten Island, New York 10307</u>: Based on my review of the Charee Bank Account records from J.P. Morgan Chase, as well as records provided by Newrez-Shellpoint, a mortgage company, I have learned that Castillero made consistent payments over $7,300.00 to CrossCountry Mortgage LLC and Newrez-Shellpoint for the 24 Haywood Street property. I have learned that in or about February 2020, Castillero obtained a mortgage from Newrez for the 24 Haywood Street property for a total principal amount of $878,730.28. In total, Castillero paid Newrez over $955,000.00. In addition, based on my review of the Charee Bank Account records from J.P. Morgan Chase , I have learned that Castillero made significant payments by check to entities that appear, based on my training and experience and open source research, to be contractors, interior designers, landscapers, pool and paver companies and home developers Castillero paid to renovate 24 Haywood Street after purchasing the property. Some checks contained the memo "24 Haywood St."

c.  <u>1901 SW Palm City Rd., #C Stuart, FL 34994</u>: Based on my review of Castillero's bank records and records provided by Twohey and Shankman, I have learned that, in or about February and March 2021, Castillero paid over $80,000 by wire and check to purchase the Palm City Road property using a bank account in his name at J.P. Morgan Chase that received regular, large deposits from the Charee Bank Accounts at J.P. Morgan Chase and Wells Fargo. In addition, an email provided by Twohey and Shankman discussed that "Mike the son in law" was "funding the purchase" of the condo unit in a "small cash deal." I believe Mike refers to Castillero.

3

d.  <u>5612 SW Peach Palm Place, Palm City, Florida 34990</u>: Based on my review of open source records and Castillero's bank records, I have learned that, in or about January 2021, Castillero paid approximately $59,000 to the community association to which this property belongs. Based on records provided by Select Portfolio Servicing, I have learned that, in or about April 2021, Castillero obtained a new mortgage for this property, for a principal amount of approximately $746,708. Based on my review of Castillero's bank records, I have learned that Castillero made payments of over $882,000 to Select Portfolio Servicing using the bank account in his name at J.P. Morgan Chase that received regular, large deposits from the Charee Bank Accounts at J.P. Morgan Chase and Wells Fargo.

e.  <u>5663 SW Quail Hollow Trail, Palm City, Florida 34990</u>: Based on my review of open source records, I have learned that this property was sold to Nikki Mazzola, who I know to be Castillero's wife, in or about November 2021. Based on my review records provided by Twohey & Shankman, I have learned that Mazzola purchased the property through three payments sent to Twohey & Shankman in or about September and November 2021 totaling approximately $805,970. Based on my review of the Charee Corp Bank Account records from J.P. Morgan Chase and Wells Fargo, I have learned that Mazzola deposited two checks drawn on the Charee Corp. Bank Accounts in September 2021 in the total amount of approximately $1.25 million. Based on my participation in this investigation, including my review of social media accounts controlled by Mazzola, I understand that Mazzola was not employed at this time. Accordingly, I believe that Castillero used StraightPath funds to fund his wife's purchase of this property.

f.  <u>1125 SW Martin Downs Blvd, Palm City, Florida 34990</u>: Based on my review of records provided by Twohey & Shankman, I have learned that "BMF Realty" purchased this property in cash through Twohey & Shankman in or about November 2021 for approximately

4

$827,000. Based on my review of bank records, I have learned that Castillero, Martinsen, and Lanaia each wired approximately $300,000 to the BMF bank account prior to BMF purchasing the property, with Castillero using the Charee Corp. Bank Account at Wells Fargo`. I know based on the trial evidence that Castillero jointly owned BMF Realty with Martinsen and Lanaia (Brian, Michael, Francine Realty). *See, e.g.*, GX 209-13; GX 703; GX 1048 at 54.

6.      With respect to the jewelry and other personal property items listed as items g. through uu. in proposed preliminary order of forfeiture, I personally traced the acquisition of each item of property through my review of bank records, invoices, photographs, and other records provided by the businesses that sold Castillero the items, and my independent investigation, including items visible in Mazzola's social media postings consistent with the items purchased by Castillero. Attached as Exhibit B to this declaration is some of the tracing analysis I performed explaining how I linked individual items of property to Castillero's proceeds from the StraightPath fraud.

7.      With respect to the vehicles listed as items vv. and ww., based on my review of bank records and records provided by Braman Motors, I have learned that Castillero purchased the Cadillac Escalade and Land Rover in or about 2022, and that he financed the purchase of both vehicles through trading in of a 2022 Bentley Bentayga and a 2022 Rolls Royce Cullinan. Based on my review of the trial evidence, bank records, and records provided by Braman Motors, I have learned that Castillero purchased that Bentayga and Cullinan in or about January 2022 and September 2021, respectively. Castillero appears to have purchased the Cullinan using his personal bank account at Bank of America, which in turn received proceeds he received from StraightPath from the Charee Bank Accounts; Castillero purchased the Bentayga using the trade in value of another Bentley Bentayga and Mercedes G550, the former of which he purchased using the Charee

Bank Account at J.P. Morgan Chase, the latter of which he in turn purchased using his personal bank account at J.P. Morgan Chase, which in turn received proceeds from StraightPath from the Charee Bank Accounts. (*See, e.g.*, GX 1048 at 6; GX 800-10).

Dated:   May 11, 2026
         New York, New York

*Christina Merkos*

Christina Merkos
Postal Inspector
United States Postal Inspection Service

6