**Otterbourg**

230 Park Avenue
New York, NY 10169
otterbourg.com
212 661 9100

Peter Feldman
pfeldman@otterbourg.com
212 905 3615
212 682 6104

**BY ECF**
Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

May 11, 2026

Re: *United States v. Castillero, et al.,* **23 Cr. 622 (JMF)**

Dear Judge Furman:

We represent Melanie L. Cyganowski in her capacity as Receiver of StraightPath Venture Partners LLC and its affiliates (collectively, "StraightPath" or "Receivership Entities").[1] Judge Kaplan appointed Ms. Cyganowski as the StraightPath Receiver by consent order dated June 14, 2022 (as amended, "Receivership Order") in *SEC v. StraightPath Venture Partners LLC, et al.,* No. 22-civ-3897-LAK (S.D.N.Y.) ("SEC Action").

By Memorandum and Order dated November 26, 2024 ("Plan Order"), and over the objections of the Defendants (represented by civil counsel), Judge Kaplan granted the Receiver's motion ("Plan Motion") for approval of her plan to distribute Receivership property ("Plan"). The Receiver has been operating in accordance with the Plan since then, including by selling shares of both public and Pre-IPO companies and distributing net sale proceeds of over $51 million to investors.[2]

The Receivership Order and the Plan govern the Receiver's rights and duties. However, in the April 22, 2026 joint letter filed by the Government and the Defendants ("Joint Letter") [Dkt. No. 222], the Defendants made several requests to the Court concerning their restitution liability that, if granted, would directly affect the Receiver's rights under the Plan. In the SEC Action, the Defendants unsuccessfully objected to the Receiver's Plan. They should not have another opportunity to alter the Plan under the guise of a restitution order.

Several issues arise from the Defendants' statements in the Joint Letter, most particularly:

---

[1] The Receiver submitted a Victim Impact Statement ("VIS") in this criminal action regarding the sentencing of Michael A. Castillero, Brian K. Martinsen and Francine A. Lanaia (the "Defendants") [Dkt. No. 216-1]. The Receiver's VIS sets forth background information regarding the Receivership including the names of each of the Receivership Entities and the types of "shares" held by the Receivership.

[2] On the SEC Action docket, the Receivership Order is Dkt. No. 56, the Plan Order is Dkt. No. 408, the Defendants' objections to the Plan Motion are Dkt. Nos. 349-4 (pages 19 to 30 of 71) (preliminary) and 382 (final) and the Plan is Dkt. No. 368-1.

8869622.1

Honorable Jesse M. Furman, USDJ
May 11, 2026

Sale of Pre-IPO Shares:  In the Joint Letter, the Defendants seek to prevent the Receiver from selling shares of Pre-IPO companies held by the Receivership "awaiting the determination as to whether any of these private companies become public...." (Joint Letter at 6.)  In the Plan Order, Judge Kaplan rejected the Defendants' attempt to restrict the Receiver's right to sell Pre-IPO shares. (*See* Plan Order at 3-5.) Since entry of the Plan Order, the Receiver has successfully sold Pre-IPO shares under the conditions prescribed in Sections 4.6 and 4.6.1 of the Plan.  The restitution order should not place restrictions on the Receiver's authority under the Plan, including restrictions of the type that Judge Kaplan already disallowed. *Id.*

Moreover, the Defendants' proposal is entirely open-ended and unworkable.  How much longer would the Receiver be required to wait for the "determination" the Defendants' propose?  The Receivership was created on June 14, 2022, almost four (4) years ago, and the Pre-IPO shares in issue were acquired by StraightPath months, if not years, before then. The Receivership's existence should not be co-terminus with the Defendants' restitution liability. Extending Plan implementation to an indefinite date is costly from an administrative standpoint and prejudicial to investors who are anxious for the Receivership to close as expeditiously as possible. *Cf.*, Plan Order at 4 (sale of Pre-IPO shares appropriate "in order that this litigation not drag on in perpetuity...")[3]

Informational Requests: In the Joint Letter (at 5), the Defendants seek additional information from the Receiver. Although a non-party, the Receiver is of course always available to provide information to assist the Court. However, the information the Defendants seek is either superfluous, inconsistent with the Plan or inappropriate.

First, the Defendants apparently seek to require the Receiver to provide a "brief annual report … on the status of [the Receivership's Pre-IPO] shares, and whether any distributions to investors have been made." (Joint Letter at 6.) However, in accordance with the Plan, the Receiver already is providing several reports that disclose substantial information about sales and distributions. *See* Plan §4.7; Plan §5.19 and Plan §6.5.[4]  All of these reports are available on the docket of the SEC Action and, without charge, on the website the Receiver created to provide information to investors and other interested persons. No further reports are required.

Second, the Defendants seek to require the Receiver to submit a chart "which sets forth the total distributions already received by each investor", apparently by investor name. (Joint Letter at 5.)  Even if the Defendants did have the right to demand this further reporting by the Receiver,

---

[3] The Defendants gratuitously raise the amount of professional fees incurred by the Receivership since its inception, but fail to note the work required by the Receiver's professionals or that all such fees are Court-approved, and that there have been no objections to any of the professionals' fee applications, including by the Defendants, who as parties had the right to object.

[4] Plan §4.7 requires that the Receiver file a report within 5 business days of sale of Pre-IPO shares stating which shares were liquidated and for what price; Plan §5.19 requires that the Receiver file a report within 5 business days of any distribution including the date of the distribution, the total cash distributed and the amounts paid to each investor, importantly, without disclosing investor names or other personally identifiable information; and Plan §6.5 requires that the Receiver file a status report of her implementation of the Plan every 180 days.

2

Honorable Jesse M. Furman, USDJ
May 11, 2026

disclosure of investor names is potentially prejudicial to the investors. For that reason, the Receiver has not independently disclosed any investor names in her public reporting and she is prohibited by Plan §5.19 from doing so in her reports on distributions. To protect investors, the Receiver masks investor names in her public reports by using anonymized "LP Numbers" like those used in the pro rata chart that the Government attached to Schedule A of its [Proposed] Order of Restitution. *See* Dkt. No. 222-2. That procedure should be continued.

\*\*\*

Since entry of the Plan Order on November 26, 2024, the Receiver has successfully implemented her Plan for the benefit of investors. As noted above, and as set forth in detail in the Receiver's numerous public reports,[5] during the almost eighteen (18) months since entry of the Plan Order, the Receiver has sold shares of both public and Pre-IPO companies and distributed net sale proceeds of over $51 million to investors. To avoid interference with the Receiver's implementation of the Plan, it is respectfully requested that the Defendants' demands in the Joint Letter relating to the Receivership not be granted.

Respectfully submitted,

Peter Feldman

cc:     Counsel of Record (via ECF)
        Melanie L. Cyganowski, Esq.
        Erik B. Weinick, Esq.

---

[5] On the SEC Action docket *see, e.g.*, Dkt. Nos. 482, 525, 527, 563, 564, 568, 603.

8869622.1