**U.S. Department of Justice**

Office of the Pardon Attorney

*Washington, D.C. 20530*

July 10, 2026

**BY EMAIL**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Castillero*, et al., 23 Cr. 622 (JMF)**

Dear Judge Furman:

The Office of the Pardon Attorney ("PARDON") opposes the Court's proposed order to treat Mr. Castillero's pardon application as a "judicial document" that warrants public access.

## I. The Pardon Process is an Executive Function and the Judiciary's Role is Advisory Only

As an initial matter, PARDON notes that the clemency process is the exclusive power of the President under Article II, Section 2 of the Constitution. PARDON's request for a judge's comments in any given case is intended solely for advisory and information-gathering purposes to better inform the President's decision on the merits of clemency. The request is not part of a judicial proceeding, and the judiciary's role in the clemency review is appropriately limited and voluntary. Treating a request for a court's views on a pardon application as a matter to be docketed risks blurring the carefully drawn lines separating the powers of distinct government branches. Further, because this submission neither adjudicates any right nor comprises part of the court's decision-making in a pending matter, it does not implicate the presumption of public access.

## II. The Executive Branch Has Carefully Outlined the Appropriate Process and Manner of Disclosure for Clemency Matters

Secondly, the Executive has established explicit and time-tested procedures for handling the disclosure of information contained in a clemency application. To begin, 28 C.F.R. § 1.5 provides generally that executive clemency petitions and related documents are available only to officials responsible for their consideration but recognizes an exception where, in the judgment of the Attorney General, disclosure is required by law or necessary to serve the ends of justice. *Id.* Thus, the regulatory framework presumes that pardon applications remain confidential and does not contemplate their routine disclosure to the public.

The pardon application itself reiterates this presumption, advising that "[n]on-public documents, such as this petition and supporting documents, the presentence investigation report, the results of any federal background investigation, and the recommendation of the Department of Justice, are not generally available under the Freedom of Information and Privacy Acts." The application preserves the limited regulatory exception when disclosure is required by law or the ends of justice, but establishes clearly that the default is confidentiality, not public disclosure.

Further, the application advises those interested in pursuing clemency requests of the principal purpose for collecting this information: enabling PARDON to process and evaluate the request—not to gather information for public disclosure. Citing a published Systems of Records Notice, the petition also makes an applicant aware of the routine uses to which PARDON intends to put the collected information. Though some portion of those routine uses include possible public disclosure, *see* Privacy Act of 1974; Systems of Records, 76 Fed. Reg. 57078, 57079 (Sept. 15, 2011), *as amended by* Privacy Act of 1974; Systems of Records, 82 Fed. Reg. 24151 (May 25, 2017) (noting that some information may be released to the public or news media but protecting information where the release would constitute an unwarranted invasion of privacy). Nowhere do these uses contemplate the docketing of a complete (or even redacted) pardon petition on a publicly available judicial docket.

Indeed, PARDON has long interpreted these allowable uses as permitting disclosures of only limited information regarding clemency applicants and the clemency process, rather than mandating that the clemency applications themselves should be made available to the public. For example, PARDON's website includes a case lookup feature (available at: https://www.justice.gov/pardon/search-clemency-case-status), which provides an opportunity to search for an individual petitioner's name, clemency case number, type of relief sought (*i.e.*, pardon or commutation), status of the petition (*i.e.*, pending or decided), the year the petition was filed, and the final outcome and date the application was decided, if applicable. This level of disclosure, which is largely restricted to factual information about the status of an individual clemency case, properly balances the need to preserve an applicant's privacy and the public's interest in access to information.

These regulations, the Systems of Records Notice, the privacy statements provided in the application itself, and the established practices of PARDON collectively reflect a deliberate and comprehensive framework for handling information contained in pardon applications, including when disclosure is appropriate and when confidentiality should be maintained. PARDON asks the Court not to upset this framework.

## III. Publication of a Clemency Application May Have a Chilling Effect on Applicants and Others

The foregoing regulations, privacy statements in the application, and the Systems of Records Notice indicate that applicants for pardon submit their materials on the default understanding that the substance of the application will not be publicly disclosed.

PARDON maintains that strong policy reasons support this understanding and weigh heavily against public disclosure of pardon applications. Significantly, the clemency process depends on applicants providing candid and comprehensive information about profoundly private matters, including criminal history, finances, substance abuse, mental health, family relationships and other sensitive matters. Applicants are more likely to provide complete and truthful information if they understand that these disclosures will remain confidential. If they anticipate public disclosure, they may omit or sanitize information that could be critical to making an informed decision on their application. This chilling effect may also extend to individuals who either support or oppose a clemency application. Family members, employers, and others often provide valuable insight into an applicant's character, rehabilitation, and post-conviction conduct. Those individuals may be less willing to opine if they suspect that their statements could later be disclosed to the public. The risk that public disclosure may cause any participant in the clemency process to omit sensitive but relevant information is great, and PARDON seeks to mitigate that risk as much as possible.

Accordingly, in view of the judiciary's limited and advisory role in the clemency process, the Executive's established procedures for disclosure, and the chilling effect docketing an application may have, PARDON opposes treating Mr. Castillero's pardon application as a "judicial document" necessitating public disclosure.

Respectfully submitted,

Kira J. Gillespie

Kira J. Gillespie
Deputy Pardon Attorney
Office of the Pardon Attorney