**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 14, 2026

**BY ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: *United States v. Michael Castillero*, et al., 23 Cr. 622-1 (JMF)**

Dear Judge Furman:

The Government submits this letter in response to the Court's Order dated July 7, 2026 (Dkt. 284), regarding the potential docketing of defendant Michael Castillero's pardon application. For the reasons explained in this submission, the Government opposes the docketing of his application.

As the Court may be aware, the Office of the Pardon Attorney ("OPA") routinely requests that the United States Attorney in the district of conviction provide comments and recommendations on clemency cases that appear to have some merit. *See* Justice Manual ("JM") § 9-140.111 (Role of the Prosecuting Component in Clemency Matters), https://www.justice.gov/jm/jm-9-140000-pardon-attorney#9-140.111. When a defendant seeks a presidential pardon or commutation of sentence, the OPA also routinely requests that the United States Attorney solicit the views and recommendation of the sentencing judge. *Id.* Over the last 12 years, I have been responsible for coordinating this Office's responses to dozens of clemency applications and submitting those responses to the OPA. Also, as part of that responsibility, I have ensured that the sentencing judges in those cases, if still on the bench, were provided with the clemency applications and related documents so that they could share their views on the merits of those applications if they chose to do so.

A sentencing judge's participation in the clemency process is strictly voluntary. In my experience, some judges have taken that opportunity to share their views with the OPA, while others have chosen not to. To my knowledge, over the past 12 years, no judge in this district has previously directed that a clemency application be docketed.[1]

[1] To my knowledge, only one other judge has even referenced a clemency application in a docketed order. On December 13, 2024, Judge Sullivan issued an order in *United States v. Curtis*, 18 Cr. 373 (RJS), in which he acknowledged receipt of the defendant's commutation application from

As directed by the Court, the Government provided the OPA with a copy of the Order and Mr. Castillero's sentencing transcript on July 7, 2026. Given the confidential nature of clemency applications, we also consulted with the OPA regarding the Court's inclination to docket Mr. Castillero's pardon application as a "judicial document." In response, the OPA has provided this Office with the attached letter to forward to the Court.

In its letter, the OPA opposes treating Mr. Castillero's pardon application as a "judicial document" necessitating public disclosure for the following three reasons: (1) the judiciary's role in the clemency process is limited and voluntary and neither adjudicates any right nor comprises part of the court's decision-making in a pending matter and therefore does not implicate the presumption of public access; (2) the Executive branch has established a regulatory framework which presumes that clemency applications remain confidential; and (3) publication of a clemency application may have a chilling effect on applicants and supporters.

This Office also opposes the docketing of Mr. Castillero's pardon application for the reasons stated in OPA's letter and respectfully requests that the Court not do so.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: _s/ Andrew S. Dember___________
Andrew S. Dember
Assistant United States Attorney
(212) 637-2563

cc: Counsel of record (by ECF)

As no member of the press or public has moved to intervene, this issue is now ripe for decision. Assuming without deciding that the pardon application qualifies as a "judicial document," the Court concludes that the interests in confidentiality and privacy, summarized in OPA's letter, outweigh the presumption in favor of public access. See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Accordingly, the Court will file and maintain the pardon application under seal. The Clerk of Court is directed to terminate ECF No. 289. SO ORDERED.

July 27, 2026

---

this Office and stated that he took no position on whether the petition should be granted. Judge Sullivan did not docket the defendant's application with his order.